## HANISH *v.* KENNEDY.

1. FINDINGS OF FACT—APPEAL.
    Findings of fact by the trial court, based upon conflicting evidence, will not be reviewed on appeal.

2. BILLS AND NOTES—BANK STAMP OF PAYMENT—EVIDENCE.
    A bank stamp upon a promissory note, indicating that it was paid upon a certain date, is admissible in evidence to show the time of such payment, in connection with testimony that the note was so stamped by the bank officer when paid, in accordance with the custom of the bank, and that such stamp was used upon no other occasions.

3. EVIDENCE—CONCLUSIONS OF WITNESS—HARMLESS ERROR.
    The admission of the conclusions of a witness in regard to documentary evidence introduced is not reversible error, where it appears from the record that the findings of the court were based upon his own deductions from such documents, and not upon those of the witness.

4. BILLS AND NOTES—RIGHTS OF ACCOMMODATION INDORSER—CONTRIBUTION.
    One who indorses a promissory note for the accommodation of the principal maker and an accommodation maker can maintain an action against them jointly upon being compelled to pay the note; and this is so although the indorser is not the payee named in the note, and the indorsement was made before its negotiation. The rule as to contribution between cosureties does not apply to such a case.

Error to Kent; Grove, J.   Submitted June 13, 1895.
Decided September 27, 1895.

*Assumpsit* by Anthony Hanish against Robert J. Kennedy and James Kennedy on promissory notes.   From a judgment for the plaintiff, the last-named defendant brings error.   Affirmed.

*Wolcott & Ward,* for appellant:

The defendant James Kennedy was no more than a cosurety with plaintiff as to any of the notes; as to a part, plaintiff was a joint maker; and the sole remedy of plaintiff is to sue for contribution.   *Robbins* v. *Brooks,* 42 Mich. 62; *Stewart* v. *Goulden,* 52 Mich. 143; *Farwell* v. *Ensign,* 66 Mich. 600; *Fay & Co.* v. *Jenks & Co.,* 78 Mich. 312, and cases there cited; *Stevens* v. *Hannan,* 86 Mich. 305, 88 Mich. 13; *Bank* v. *Trowbridge,* 92 Mich. 221; *Chaffee* v. *Jones,* 19 Pick. 260.

*Reuben Hatch* and *A. W. Johnston,* for appellee:

Indorsers are *prima facie* liable in the order in which they sign the paper (*Greusel* v. *Hubbard,* 51 Mich. 95; *Sweet* v. *Woodin,* 72 Mich. 393; *Farwell* v. *Ensign,* 66 Mich. 600; *Cook* v. *Brown,* 62 Mich. 473; *Camp* v. *Simmons,* 62 Ga. 73); and accommodation indorsers are no exception to this rule (*McGurk* v. *Huggett,* 56 Mich. 187; *Shaw* v. *Knox,* 98 Mass. 214; *Pomeroy* v. *Clark,* 1 MacArth. 606; *Connely* v. *Bourg,* 16 La. Ann. 108).

HOOKER, J.   The plaintiff recovered a judgment against Robert J. and James Kennedy.   The latter appealed. The findings of fact show that the court found that the defendants gave their joint and several promissory notes to certain banks, and that the plaintiff was an accommodation indorser, and was obliged to pay the same; also, that defendants gave other similar notes to the plaintiff; and that both defendants were sober when the notes were given.   Upon these findings judgment was rendered for the plaintiff.   Subsequently the findings were amended, and made to show that, at the time that the several notes

were indorsed and taken by the plaintiff, he knew that the defendant James Kennedy signed them as surety for his son, the other defendant; and that said notes were all signed by said James Kennedy with his son as joint maker, and for the express purpose of procuring the indorsement of the plaintiff, who indorsed said notes for the accommodation of both defendants; and that both defendants were sober and mentally competent when said notes were given. As a conclusion of law the court found that both defendants were primarily liable to plaintiff as joint makers of the notes. Exceptions were taken to each finding of fact, and to the refusal to find as requested, and to the conclusions of law.

The questions which counsel appear to rely upon are:

(1) Error upon the part of the court on several findings of fact.

(2) His refusal to find that defendant James Kennedy received none of the proceeds of the notes, and that the plaintiff signed them for the accommodation of Robert J. Kennedy, knowing that James Kennedy was only a surety.

(3) That he erred in admitting a date stamped upon one of the notes with a bank stamp as evidence of the time of payment, as bearing upon the question of defendant James Kennedy's alleged intoxication.

(4) That both James Kennedy and the plaintiff were sureties of Robert J. Kennedy, and, therefore, that plaintiff had not a joint cause of action against the defendants.

1. The first point may be disposed of by the trite statement that we cannot review the findings of the circuit judge upon questions of fact, where there is a conflict in the evidence. We think that such was the case here upon every material proposition covered by the findings.

2. We think that the findings do show that James Kennedy did not receive the proceeds of the notes, inasmuch as it is stated that the plaintiff knew that he was an accommodation maker. They also show clearly that the plaintiff was an accommodation indorser.

3. The claim was made that James Kennedy was drunk when the notes were signed, and, as tending to contradict this as to one of the notes, counsel attempted to show that it was given at a certain and different time than that stated by the witnesses for the defendant, and at a time when he was not drunk. The plaintiff testified that he received the note when it was executed, and used it in payment of a former note, which was produced, which former note was stamped by the bank officer at the time with a certain stamp, and which the bookkeeper of the bank testified was paid upon the day shown by the date of the stamp. It was also shown that the stamp was one which, according to the custom of the bank, was put upon papers when paid, and such stamp was used on no other occasions. The paper with the stamp upon it was admitted in evidence, and the statement of the witness that it was paid that day was allowed to stand, against defendant's objection. Technically this was a conclusion of the witness, as it was based upon the fact that the note had the stamp upon it, and, perhaps, not admissible. But the court might properly draw the same conclusion from the document and stamp, which were properly admissible as a part of the transaction testified to by the plaintiff. *Bennett* v. *Smith*, 40 Mich. 212; *Smith* v. *Holmes*, 54 Mich. 105. We cannot hold the error fatal without concluding that the learned circuit judge relied upon the conclusion of the witness. The record clearly implies that the paper and stamp were admitted upon the proper theory, and that the findings of the court were based upon his own deductions, and not upon those of the witness, which were objected to.

4. Whatever may be the rule of law as to contribution between cosureties, it has no application to a case where the parties are not cosureties. The court found that plaintiff was not a cosurety with James Kennedy, but that he indorsed for the accommodation of both defendants, which he might lawfully do, though one was

an accommodation maker for the other. The evidence is sufficient to justify this finding.

We find no error in the record, and the judgment must therefore be affirmed.

The other Justices concurred.