KING v. BREWER.

1. ESTATES OF DECEDENTS—PRESENTATION OF CLAIMS—PHRASE-OLOGY—OBJECTIONS.

Where an administrator has contested a claim against his decedent's estate before the commissioners and in the circuit court, without protest as to its form, under circumstances which warrant the inference that the nature of the claim was fully understood, it is error for the court to direct a verdict on the ground that the claim, because framed in indefinite language, would not support an allowance. GRANT, C. J., dissenting.

2. CONTRACTS—CONSIDERATION—MORTGAGES.

A mortgagee's agreement to take less than the amount due upon the mortgage in satisfaction of his debt is supported by a sufficient consideration, where the mortgagor, in reliance thereon, consents to an immediate sale, and surrenders the right he would otherwise have to occupy the land for more than a year and to harvest a growing crop.

Error to Kent; Grove, J.   Submitted January 6, 1899. Decided September 27, 1899.

Charles D. King presented a claim against the estate of Henry Van Voorheis, deceased.   The claim was disallowed by the commissioners upon objection of Aaron Brewer, administrator of said estate, and claimant appealed to the circuit, where verdict was directed for defendant.   Claimant brings error.   Reversed.

*Smedley & Corwin*, for appellant.

*Crane, Norris & Stevens*, for appellee.

HOOKER, J.   Claimant appeals from an order disallowing a claim against an estate.   It was filed with commissioners in probate court, and was as follows:

BUTTERNUT, MICH., Jan. 11th, 1897.

Mortgage to Henry Van Voorheis, given July 12th, 1893, with interest at 7 per cent. Paid March 25th, 1896.

| | |
|---|---|
| Amount | $1,130 00 |
| Interest for 2 yr., 8 mo., 13 d. | 213 78 |
| | $1,343 78 |
| My claim, due March 25th | $343 78 |

It was disallowed by the commissioners, and on appeal was disallowed by a jury. It is contended by the appellee (1) that the claim was too vague and uncertain to permit proof to be given to charge the estate; (2) that, under the undisputed proof, there was no consideration for the promise of the intestate.

The deceased, as the claim indicates, held a mortgage against the claimant. The claimant asserts that the security was inadequate, and that, interest being in arrears, Van Voorheis, the deceased, persuaded the claimant to sell and give immediate possession, including crops growing upon the premises, promising to accept $1,000 in full payment upon his mortgage and interest, and that, after receiving the purchase price, payment was delayed until Van Voorheis died, and the administrator has since refused to pay over the sum of $343.78, being the excess over $1,000 received by Van Voorheis. There was testimony tending to prove this claim. The circuit judge directed a verdict for the defendant, upon the ground that "there was no claim presented to the commissioners that they could recognize or pass upon, and it would be enlarging upon the issue presented to the commissioners for the court or jury to allow this claim." It does not appear that any objection was made to this proof, either before the commissioners or at circuit. This claim might have been more formal, yet it shows that Van Voorheis received $1,343.78 upon a mortgage, of which the claimant asserted a right to $343.78. The evidence of the defendant shows that this question was before the commissioners, and that they passed upon it, and that the claimant had no counsel.

We cannot say that the administrator was present, from any proof offered; but we cannot presume that he was not, if he thought it was an unjust claim. The cases of *McHugh* v. *Dowd's Estate*, 86 Mich. 412, and *Comstock* v. *Smith*, 26 Mich. 306, are said to justify the instruction given. In the case first cited the judgment was reversed on another ground, and, instead of saying that the informality of the claim was fatal, the court ordered a new trial, and suggested that the claim be made more definite. In the other case the claim was held sufficient, and the court said:

"There are no technical rules which regulate the form for exhibiting claims in the probate court, or for framing issues for their trial on appeal, and it is not desirable that there should be. Substance is more regarded than form in such cases, and the simpler the statement the better, if sufficient to apprise the court and parties interested of the real claim. The highly artificial rules of common-law pleading have no proper application, and it must frequently occur that the forms of declarations in actions *ex contractu* cannot be conveniently employed at all. The true subject of dispute should clearly appear, and, where this is the case, the form is of little consequence."

We think they do not support the contention.

This claim, as filed, states, in effect, that there is due to the claimant $343.78 from the sum of $1,343.78 paid to Van Voorheis upon a mortgage of a given date. If the defendant did not understand what was meant, he might have objected, when an amendment would probably have been permitted; but he did not, and the case was tried twice, without protest by him, under circumstances which warrant the inference that the nature of the claim was fully understood. We think that the court erred in holding that it would not support any proof, and that it was not clear that it was the same claim tried before commissioners.

Counsel urge that the judgment should be affirmed upon the other ground. If the claimant had chosen to do so, he could have retained possession of the premises until

foreclosure of the Van Voorheis mortgage, which would have permitted him to harvest the growing crop. In consideration of a promise to take less than the amount due upon the mortgage, he consented to an immediate sale; thereby yielding the right to occupy the land for more than a year, and to harvest his crop. This seems to us a sufficient consideration for the promise relied upon.

The judgment should be reversed, and a new trial ordered.

MONTGOMERY, MOORE, and LONG, JJ., concurred with HOOKER, J.

GRANT, C. J. (*dissenting*). Claimant presented the following claim against the estate of Henry Van Voorheis, deceased:

> BUTTERNUT, MICH., Jan. 11th, 1897.
> Mortgage to Henry Van Voorheis, given July 12th, 1893, with interest at 7 per cent. Paid March 25th, 1896.
> Amount.--------------------------------------------- $1,130 00
> Interest for 2 yr., 8 mo., 13 d. ---------------------  213 78
>
>                                                      $1,343 78
>
> My claim, due March 25th ----------------------------  $343 78

The commissioners rejected the claim. Claimant appealed to the circuit court, which directed a verdict for the defendant, for two reasons: (1) That there was no claim presented to the commissioners upon which they could have acted; (2) that there was no consideration for the alleged promise, if any, as shown by the proofs. I think the court was correct upon the first point. There was nothing upon the face of the claim to indicate its nature, or what it was for. It was too indefinite to form the basis of an allowance by the commissioners. There was no request to frame an issue until the trial was over, and the circuit court was in the act of charging the jury. There must at least be an intelligible claim. As was said in *Comstock* v. *Smith*, 26 Mich. 306, "The true subject

of dispute should clearly appear, and, where this is the case, the form is of little consequence." In *McHugh* v. *Dowd's Estate*, 86 Mich. 412, a bill of particulars was filed, and we held that "the items are too vague and uncertain to permit proof to be given to charge the estate." In this view of the case, it is unnecessary to express any opinion upon the second point. I think the judgment should be affirmed.