ALLEN v. FIELDS' ESTATE.

1. ESTATES OF DECEDENTS—CLAIMS—OBJECTION TO FORM.
   Where an executor contests a claim against his decedent's estate, in the form of a statement of account for services rendered, without demanding a bill of particulars or requesting the court to frame an issue, an objection that the claim was insufficient to warrant the court in receiving any evidence is without force on appeal.

2. SAME—EVIDENCE.
   A judgment against an estate for services rendered to the decedent in his lifetime will not be reversed because claimant was permitted to read the will of the deceased in evidence, for the alleged purpose of showing that no provision was made thereby for payment of the claim, and was further permitted to show that it was drawn by the executor and residuary legatee therein, who was not related to the deceased.

3. SAME—MISCONDUCT OF COUNSEL—RIGHT TO COMPLAIN.
   Where, in a proceeding to establish a claim against decedent's estate, claimant's counsel offered in evidence the files in the case to show that the claim had been presented to commissioners, and an appeal taken by the executor to the circuit court, and the executor's counsel then stated, "I don't understand that the claim was allowed," to which claimant's counsel replied that it was allowed, the executor could not complain that the statement of claimant's counsel prejudiced the jury, as neither counsel kept within the rule in relation to such matters.

4. SAME—AGREEMENT TO PAY FOR SERVICES AT DEATH—INSTRUC-
   TIONS.
     The charge of the court as to the right to recover on an agree-
       ment to pay for services at death is examined, and held to be
       sufficiently favorable to defendant.

Error to Macomb; Eldredge, J.  Submitted April 12,
1900.  Decided June 18, 1900.

Addison Allen presented a claim against the estate of
William Fields, deceased, for services rendered the latter
during his lifetime.  The claim was allowed in part by
the commissioners, and Seth Lathrop, executor of the last
will and testament of the deceased, appealed to the circuit
court.  From a judgment for claimant, the executor
brings error.  Affirmed.

*Byron R. Erskine*, for appellant.

*Warren S. Stone* (*Seth W. Knight*, of counsel), for
appellee.

MONTGOMERY, C. J.  Error is brought to review pro-
ceedings on a trial by a jury of a claim filed by Addison
Allen against the estate of deceased, which claim reads as
follows:

In the Matter of the Estate of William Fields, Deceased.
                To Addison Allen, Dr.

| | |
|---|---|
| To 2 years' board and washing | $200 |
| To work, labor, services, care, attendance, and employ- | |
| ment in and about the care and management of farm | |
| work, and assistance to said deceased personally | 500 |
| | $700 |

On the trial there was testimony tending to show that
claimant furnished board to deceased, and that he attended
upon deceased at times when intoxicated, furnished con-
veyance to his home on such occasions, and that he at
times did farm chores for deceased.  The character of the
services was such that they might be treated as neighborly
acts, or as services to be compensated, as there was or was

not an agreement or understanding that they were to be paid for. The claimant called a number of witnesses who testified to statements made by deceased to the effect that claimant would be paid in the end; "that he would be well paid;" that claimant understood that he would be well paid in the end, etc. The jury found in favor of claimant · in the sum of $675.

We shall consider the assignments of error in the order in which they are discussed in appellant's brief. First, it is contended that the claim was not sufficient to justify the court in receiving any evidence There does not appear to have been any demand for a bill of particulars, or any request to the court to frame an issue. Under these circumstances we consider the objection without force. *Grimm* v. *Taylor's Estate*, 96 Mich. 5 (55 N. W. 447); *King* v. *Brewer*, 121 Mich. 339 (80 N. W. 238).

It is claimed that counsel for claimant was permitted to prejudice the jury. Counsel offered in evidence the will of deceased for the purpose of showing that the deceased had not provided any payment for the services rendered. We think this can hardly have worked any serious prejudice. Counsel on cross-examination of the executor, Mr. Lathrop, asked him if he drew the will. It is insisted that, as it appeared that Mr. Lathrop was not related to the deceased, and was the residuary legatee under the will, this might have worked prejudice, and error is assigned on the refusal of the court to strike out the testimony. We are not convinced that such was the probable effect of this testimony.

Error is also assigned on a statement of claimant's counsel that the claim was allowed before commissioners. The record discloses that claimant's counsel offered in evidence the files in the case to show that the claim was presented to commissioners, and an appeal taken by the executor to the circuit. Counsel for the estate at once stated, "I do not understand that the claim was allowed," to which claimant's counsel replied that the claim was allowed. Neither counsel kept within the rule, and we

do not think counsel for the estate is in position to complain.

Error is assigned upon the refusal of certain requests. The circuit judge charged the jury in part as follows:

"I charge you that in this case, if the services rendered by said Allen and his wife to deceased were rendered under an agreement and understanding between deceased and said claimant that such services were to be paid for out of the estate of said deceased. after his death, such agreement would be binding on his estate, and would not be barred by the statute of limitations. An agreement whereby one undertakes to compensate another for services rendered to him out of his estate after his death is binding on the estate of such person deceased, and the statute of limitations would not commence to run upon such undertaking until after the death of the person so promising. So one important question for you to determine is, Under what agreement or understanding were the services that are claimed to have been rendered by the claimant rendered for the deceased? Were they so rendered under an understanding and agreement had by both the deceased and claimant that the services rendered were to be paid for out of his estate at his death? You will therefore carefully consider the testimony as to the language of the parties as shown to have been used, the conduct, acts, and declarations of the deceased relative to the matter; do they show that these services claimed to have been rendered were rendered under such circumstances as show that the deceased intended to have claimant understand, and that claimant did understand, that such services as he should render at the request of deceased should be paid for out of his estate, by provision in his will or otherwise? If so, then you will understand that the statute of limitations, which bars all claims over six years of age, does not commence to run until the payment becomes due, which would be at the death of deceased. This is important, because it may be that services were rendered with the understanding that they were to be paid for, but the payment was not expressly deferred, and for such services, if the payment was not deferred until death, the compensation would be due and payable immediately, and barred by the statute of limitations at the expiration of six years from their rendition. I say this to you that you may see how important it is for

you to determine first this very important question, 'Were these services claimed rendered under the circumstances I have mentioned?' It is not necessary that the claimant should show a formal contract between the parties, but he should show, in order to avoid the statute of limitations, as to any claim for services rendered six years before the death of deceased, he should show that they were rendered under an agreement and understanding on the part of both deceased and himself that the services were to be paid for out of his estate, as by provision in his will or otherwise, at his death. If you find, from the evidence introduced in this case, that the services rendered by claimant were valuable, and that there was an understanding between deceased and claimant whereby the claimant was to be compensated therefor after the death of deceased, then such agreement would be binding upon the estate of deceased, and you should allow the claimant what such services were reasonably worth. It is not sufficient, to entitle claimant to recover, to show that he rendered services to the deceased, and that such services were valuable, but he must also show that such services were rendered under such circumstances as to justify the conclusion that a charge therefor was intended and expected by the claimant and deceased. If the relation of the parties, the nature of the services rendered, and all the pertinent facts show that claimant was not working for money pay, and the deceased did not understand that pay was expected, none can be demanded. One neighbor may request another to render a service for him, which service may be of value to the party receiving it; yet, if such service was rendered at the time without the expectation of pay, a claim therefor cannot afterwards be presented and allowed."

We think these instructions fairly presented the issue in the case, and could not have been misapprehended by the jury.

The other assignments do not call for discussion.

Judgment affirmed.

The other Justices concurred.