CHADWICK v. PHŒNIX ACCIDENT & SICK BENEFIT ASS'N.

1. EVIDENCE—ADMISSIBILITY—CAUSE OF DEATH.

A physician may testify to the cause of a person's death, though he was not present when the death occurred; it appearing that he was the attending physician, and had called on the patient every day for several days preceding the death.

2. APPEAL AND ERROR — REVIEW — FINDINGS OF FACT — SUFFICIENCY OF EVIDENCE.

Findings of fact which are justified by the evidence will not be disturbed on error.

3. INSURANCE—ACTION ON POLICY — CONDITIONS PRECEDENT—ARBITRATION.

Arbitration is not a condition precedent to action on a life-insurance policy which provides that the validity of any claim thereunder shall be submitted to arbitration, and also provides that no action shall be prosecuted within 90 days after receipt of final proof of death or after six months after death.

Error to Kent; Wolcott, J. Submitted February 27, 1906. (Docket No. 196.) Decided March 27, 1906.

Assumpsit by Charles Chadwick, administrator of the estate of Chester Blineberry, deceased, against the Phœnix Accident & Sick Benefit Association on a policy of insurance. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Adams & Ryan*, for appellant.

*Holmes & Holmes*, for appellee.

CARPENTER, C. J. Defendant insured the life of plaintiff's intestate. After the death of said intestate plaintiff brought this action to recover the amount of said insurance. The case was tried before the court without a jury, and judgment rendered in favor of plaintiff.

Defendant asks us to reverse the judgment on three grounds, which we will discuss separately:

*First.* It is insisted that the trial court erred in permitting a witness for plaintiff, one Dr. Evarts, to testify to the cause of the death of plaintiff's intestate. Defendant insists that this testimony was inadmissible because the doctor was not present when the death occurred. It does appear, however, that the doctor was the attending physician, and had called upon his patient once each day for several days preceding his death. We think the testimony was admissible.

*Second.* It is urged that, if the evidence shows anything, it shows that the death resulted from an acute aggravation of a chronic disease, and was, therefore, not covered by the contract. This complaint challenges the correctness of the findings of fact of the lower court. It is sufficient to say that there was evidence to justify those findings, and that we have, therefore, no right to disregard them. *Allen* v. *Field's Estate*, 124 Mich. 466; *Fuller* v. *Ehle*, 116 Mich. 13; *Hanish* v. *Kennedy*, 106 Mich. 455.

*Third.* Defendant contends that this suit at law cannot be maintained because the contract provides for submitting the dispute to arbitration. There was an agreement in the contract that the validity of any claim thereunder should be submitted to arbitration. The policy also provided:

" That no suit or legal proceeding * * * shall be brought or prosecuted within 90 days after receipt of final proofs * * * and no action shall be maintained or recovery had unless such proceedings be commenced within six months from and after death."

Did these agreements prevent plaintiff maintaining this suit?

A mere agreement to arbitrate does not prevent a suit at law. *McGunn* v. *Hanlin,* 29 Mich. 476. To have that effect, it must be accompanied by another and further agreement which either in express terms or by proper

construction makes the award a condition precedent to the right of action. *Hamilton* v. *Insurance Co.*, 137 U. S. 385; *Lesure Lumber Co.* v. *Insurance Co.*, 101 Iowa, 514; *Birmingham Fire-Ins. Co.* v. *Pulver*, 126 Ill. 329; *Canfield* v. *Insurance Co.*, 55 Wis. 422; *Reed* v. *Insurance Co.*, 138 Mass. 576; *Seward* v. *City of Rochester*, 109 N. Y. 164. This doctrine is supported by the decision of this court in *McGunn* v. *Hanlin*, supra, where it was said:

"There is no authority for holding that parties who have agreed to arbitrate have by their agreement precluded themselves from resorting to a court of justice."

As the award was not made a condition precedent in the case at bar, we are bound to say that the agreement to submit to arbitration does not prevent plaintiff maintaining this suit.

The judgment is affirmed.

MCALVAY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.