35 P.(2d) 314

**O'NEAL et al. v. GEO. E. BREECE LUMBER CO.**

No. 3931.

Supreme Court of New Mexico.

Aug. 13, 1934.

Rehearing Denied Sept. 17, 1934.

See, also, 38 N. M. 94, 28 P.(2d) 523.

W. A. Keleher and Theo. E. Jones, both of Albuquerque, for appellant.

R. H. Hanna, Fred E. Wilson, and William Brophy, all of Albuquerque, for appellees.

HUDSPETH, Justice.

Appellant, defendant below, maintains that provision for a resort to arbitration in the contract sued upon is a condition precedent to the right of plaintiffs-appellees to bring an action on said contract. The learned trial judge held the contrary to be the law, refused to give instructions embodying appellant's theory on this point, and rendered

judgment on the verdict of the jury in favor of plaintiff for $1,463.13. The contract was drawn by Mr. G. C. O'Neal of appellees' firm, the material part of which reads as follows: "Party of the First Part agrees to check, grade and receive all lumber immediately on delivery by the Party of the Second Part, and to pay the Party of the Second Part on the First of each Month for all lumber delivered during the preceding Month, and agrees to allow the Party of the Second Part privilege of investigation on all dispute in grades, and in case an agreement cannot be reached in regard to grade, a disinterested inspector agreeable to both parties will be called, and his decision will be final, both parties agreeing to abide by this decision."

Only the lumber delivered between September 29, 1931, and January 8, 1932—more than 400,000 board feet, the exact amount being in dispute—is involved. Statements showing the classification according to appellant's grader were made and checks issued for each month's delivery. Appellees cashed these checks. On motion of both parties the trial court ruled that there was no accord and satisfaction, and that ruling is not before us for review. Appellant argues notwithstanding this ruling, which it is admitted is the law of the case, that the contract was divisible, and that the only reasonable construction of the contract is that disputes, if any, as to classification of the lumber were to be settled promptly after receipt by appellees of the monthly statements of grades and tender of payment for the month's delivery; that before judicial proceedings would be available to appellees they were required to promptly make a reasonable effort in good faith to agree upon a "disinterested inspector." Although protests had been made by appellees from time to time, the first formal demand for a reclassification by a "disinterested inspector" was made January 21, 1932, after payment in full according to appellant's books, and when only 130,000 feet of the lumber was available for reclassification. It is urged that this came too late, and appellant was justified in its refusal to agree to the demand. The divisibility of the contract has little bearing on the question to be determined.

The provision in the contract for the employment of a "disinterested inspector" to settle disputes as to grades appears to be a collateral agreement rather than a condition precedent to appellees' right to sue. In 1 Restatement of the Law of Contracts, 375, § 261, the rule is laid down: "Where it is doubtful whether words create a promise or an express condition, they are interpreted as creating a promise; but the same words may sometimes mean that one party promises a performance and that the other party's promise is conditional on that performance." Illustration No. 2 under said rule reads as follows: "2. A, an insurance company, issues to B a policy of insurance containing promises by A that are in terms conditional on the happening of certain events. The policy contains this clause: 'provided, in case differences shall arise touching any loss, the matter shall be submitted to impartial arbitrators, whose award shall be binding on the parties.' This is a promise to arbitrate and does not make an award a condition precedent

of the insurer's duty to pay." See, also, V. 2 Restatement of Contracts, 1055, § 550.

In Oregon Short Line Railroad Co. v. Teton Coal Co. (C. C. A.) 35 F.(2d) 919, 923, the rule is clearly stated: "'Where, however, the contract contains no covenant, express or implied, indicating an intention that arbitration of disputes shall be a condition precedent to a right of action, but there is simply a covenant to pay and another covenant to arbitrate, they are distinct and collateral, and the covenant to arbitrate is not in such a case a condition precedent.' 9 C. J. 758. See, also, 5 C. J. p. 45; Hamilton v. Home Ins. Co., 137 U. S. 370, 383–386, 11 S. Ct. 133, 34 L. Ed. 708; Red Cross Line v. Atlantic Fruit Co., 264 U. S. 109, 121, 44 S. Ct. 274, 68 L. Ed. 582; Tatsuuma Kisen, etc., v. Prescott (C. C. A.) 4 F.(2d) 670, 672." Other cases in point are: Birmingham Fire Ins. Co. v. Pulver, 126 Ill. 329, 18 N. E. 804, 9 Am. St. Rep. 598; Badenfeld v. Mass. Mutual Accident Association, 154 Mass. 77, 27 N. E. 769, 13 L. R. A. 263; Chadwick v. Phœnix Accident, etc., Association, 143 Mich. 481, 106 N. W. 1122, 8 Ann. Cas. 170 and note.

Having reached the conclusion that the arbitration provision did not preclude a resort to the court, it becomes unnecessary for us to consider whether the provision was waived by the parties or whether appellant has complied with the agreement for arbitration on its part.

The costs, including the costs of the transcript brought into the case on the writ of certiorari for diminution of the record after the decision in this cause reported in 38 N. M. 94, 28 P.(2d) 523, will be taxed to appellant.

Finding no reversible error, the judgment will be affirmed; it is so ordered.

WATSON, C. J., and SADLER and BICKLEY, JJ., concur.

ZINN, J., did not participate.