ENSLEY v. ASSOCIATED TERMINALS, INC.

1. ESTOPPEL—AFFIRMATIVE    DEFENSE—PLEADING—BACK    WAGES—
   RECEIPT ON PAY CHECKS.
      Estoppel to claim back wages because pay checks had been in-
         dorsed as receipt in full was an affirmative defense and where
         not pleaded by defendant employer was properly denied (Court
         Rule No. 23, § 3 [1933]).

2. ACCORD AND SATISFACTION—PAYMENT—RECEIPTS IN FULL—PAY
   CHECK INDORSEMENTS.
      In employee's action to recover balance due under an agreement
         relative to wages between union of employees and nonprofit
         corporate employer, pleaded defense of payment does not
         permit or include defense of accord and satisfaction because of
         indorsement of receipts in full on pay checks.

3. SAME—AFFIRMATIVE DEFENSE—PLEADING.
      The defense of accord and satisfaction is an affirmative defense
         and is not available unless pleaded (Court Rule No. 23, § 3
         [1933]).

4. PLEADING—AMENDMENT—DISCRETION OF COURT.
      Ordinarily, granting an application to amend a pleading is
         within discretion of the trial court.

5. SAME—AMENDMENT—ACCORD AND SATISFACTION.
      Employer against whom employee brought action for balance due
         under an agreement between union of employees and defend-
         ant nonprofit corporation relative to wages was not entitled
         to have amendment of pleadings so as to include defense of
         accord and satisfaction where such defense did not go to the
         real merits of the controversy and did not tend to produce
         an honest result.

6. MASTER   AND   SERVANT—UNION   CONTRACT—ARBITRATION   AND
   AWARD.
      Provision of agreement between plaintiff employee's union and
         nonprofit corporate employer that in case any differences

---

   Validity and effect of agreement to arbitrate, see 2 Restatement,
Contracts, §§ 550, 551.

should arise between the latter and the union or its members, including disagreements as to the meaning and application of the agreement, resort should first be had to a board of arbitration was designed to avoid strikes, walkouts and lockouts and had no bearing upon the judicial interpretation or determination of matters arising under the contract.

7. SAME—UNION CONTRACT—ARBITRATION AND AWARD—CONDITION PRECEDENT TO ACTION.

Provision that parties to agreement between union and nonprofit corporate employer should first resort to arbitration so as to avoid strikes, walkouts and lockouts in case of differences and that decision of arbitration board should be final did not constitute submission to arbitration of right to recover balance due employees under wage scale therein contained as a condition precedent to action for such balance.

8. ARBITRATION AND AWARD—CONDITION PRECEDENT TO ACTION.

A mere agreement to arbitrate does not prevent a suit at law as, in order to have that effect, it must be accompanied by another and further agreement which either in express terms or by proper construction makes the award a condition precedent to the right of action.

9. MASTER AND SERVANT—BREACH OF UNION CONTRACT—TRUCK RENTAL.

In action by an employee of nonprofit corporation operating a truck terminal for balance due under agreement defendant had made with plaintiff's union as to wages where there was ample evidence to sustain trial court's finding that defendant had agreed that truck rental was to be $20 a week, defendant's subsequent charge for rental of 35 per cent. of gross weekly wages which increased the charge constituted a breach of defendant's contract for which employee was entitled to recover (Act No. 296, Pub. Acts 1937).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 5, 1943. (Docket No. 16, Calendar No. 42,197.) Decided February 24, 1943. Rehearing denied April 6, 1943.

Assumpsit by Don Ensley, individually and as assignee of others, against Associated Terminals, Inc., for back wages claimed due under contract of

employment.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

*Laurence D. Beukema,* for plaintiff.

*Williams, Stiles & Tubbs,* for defendant.

BUSHNELL, J.  Plaintiff Don Ensley and his assignors are truck drivers in the employ of defendant Associated Terminals, Inc., a nonprofit corporation, engaged in the business of operating a truck freight terminal.   These employees pick up outbound, and deliver inbound, shipments in the city of Grand Rapids, and are members of the "Truck Drivers Union, Local No. 406, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America."

On February 19, 1940, the union entered into a contract with defendant whose name was then Associated Truck Lines, Inc.  This contract provided that city drivers should be paid at the rate of 5 cents per cwt. up to 3,000 lbs.; 4 cents per cwt. from 3,001 to 4,000 lbs.; 3 cents per cwt. from 4,001 to 5,000 lbs.; and 2½ cents per cwt. for all over 5,001 lbs., with a minimum of 25 cents per stop.   The contract also provided for a rate of 65 cents per hour to be paid city drivers, and a rider was attached to the contract, reading:

"Relative to the scale of 65 cents per hour for city drivers, it is not to prevail as long as city drivers are on the sliding rate.   If the sliding rate of pay is eliminated the scale of 65 cents an hour shall prevail."

The contract was to cover the period from January 1 to December 31, 1940, and to continue in effect from year to year thereafter, unless modified by

agreement upon 60 days' written notice prior to the annual date of expiration.

When the contract became effective, the city drivers were being paid on a sliding scale basis, and there was being deducted from the gross wages of each driver the sum of $20 a week to cover truck rentals. About February 25, 1940, defendant's employees were informed that the truck rental charge was changed from $20 to a deduction of 35 per cent. of their gross weekly wages. The written contract does not mention truck rentals but provides that:

"The employer agrees that all conditions of employment relating to wages, hours of work, overtime differentials and general working conditions shall be maintained at not less than the highest minimum standards in effect at the time of the signing of this agreement and the conditions of employment shall be improved wherever specific provisions for improvement are made elsewhere in this agreement."

Objections were made to this change but the deductions were continued without any satisfactory adjustment.

Plaintiff brought this action to recover the additional amounts deducted on the 35 per cent. basis from his wages and those of his fellow employees during the year 1940. Defendant does not question plaintiff's right to bring the action as a third party beneficiary under this contract.*

The trial judge, sitting without a jury, found that the "sliding rate" and not the hourly rate was in effect during the period involved, and that the change made by defendant in the truck rental charge

---

* See Act No. 296, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 14063—1 et seq., Stat. Ann. 1942 Cum. Supp. § 26.1231 et seq.).— REPORTER.

reduced the compensation due plaintiff and his assignors by $2,204.84. He held that there was an implied provision in the written contract fixing the charge of truck rentals at $20 a week, and that the increased deduction adversely affected the wage scale contrary to the provisions of the agreement. A judgment was entered in plaintiff's favor.        .

Defendant pleaded payment and contended at the trial that plaintiff and his assignors were estopped from asserting a claim for back wages because paychecks had been indorsed by them containing the following language: "Indorsement of this check constitutes receipt in full for wages to the end of the period shown on check stub." Defendant's claim of estoppel was properly denied because it was an affirmative defense and not pleaded. Nor is this question raised on appeal.

Defendant now contends on appeal that indorsement of these checks constituted a full settlement between the parties. The affirmative defense of accord and satisfaction was not pleaded, nor has defendant sought to amend its pleading. The defense of payment was pleaded; but that does not permit or include the defense of accord and satisfaction. Such affirmative defenses are not available unless pleaded.* Court Rule No. 23, § 3 (1933).

Ordinarily granting an application reasonably to amend a pleading is within the court's discretion. But under the facts of the instant case even if such an amendment had been asked it should not have been granted because the only purpose it would serve, if any, would be to enable defendant to assert a defense that does not go to the real merits of the controversy and one that does not tend to produce

---

* See 3 Comp. Laws 1929, § 14128 (Stat. Ann. § 27.822).—Reporter.

an honest result. Defendant is not entitled to the exercise in its behalf of any discretionary power of the court.

Defendant contended in the trial court, and contends here, that the arbitration clause in the contract is, by implication, a condition precedent to suit, and that until resort to arbitration is had, no suit can be brought; or that, if the arbitration clause is not valid, the entire contract is invalid. The court held, in effect, that plaintiff did not need to resort to arbitration before commencing his action.

The provisions of the agreement with respect to arbitration read as follows:

"It is mutually agreed that should any differences arise between the company and the union or its members, including disagreements as to the meaning and application of the provisions of this agreement, there shall be no strikes, tie-up of equipment, walkouts or any cessation of work on the part of the union and its members, nor shall the company use any method of a lockout until the parties hereto first attempt to settle their differences or grievances in the following manner:

"All grievances of employee members must be reported in writing to officers or persons designated by the union if such grievances are not satisfactorily adjusted by the company. The union representatives shall present the written complaint to the company and every effort shall be made to settle the same.

"Failing in adjustment of any grievance or complaint by the employer and the union the matter shall be referred to an arbitration committee to be appointed as follows: two members to be appointed by the employer and two members to be appointed by the union and these four to select a chairman. Should the employer's and the union's representatives fail in selecting the fifth member, this selection shall be made by either judge of probate for Kent county.

"The decision of the arbitration board shall be final and binding on both the employer and the union."

The foregoing language, together with the introduction which reads:

"Whereas, both parties are desirous of preventing strikes and lockouts, and of maintaining a uniform wage scale, working hours and conditions among the members of the union, and to facilitate peaceful adjustment of all grievances which may arise from time to time between the employer and his individual employees,"

is designed for the purpose of avoiding strikes, tieups, walkouts, and lockouts, and has no bearing whatever upon judicial interpretation or determination of matters arising under the contract. The limitations imposed by the parties themselves exclude the question of whether arbitration is a condition precedent to judicial determination. Even if it were necessary to determine the question, the provision that, "The decision of the arbitration board shall be final and binding on both the employer and the union," leaves little room for implication, and renders appellant's position inconsistent with the majority rule as expressed by the authorities found in 26 A. L. R. 1077 *et seq.*, and 135 A. L. R. 79 *et seq.*; and the rule in force in Michigan, as stated in *Chadwick* v. *Phoenix Benefit Ass'n,* 143 Mich. 481 (8 Ann. Cas. 170):

"A mere agreement to arbitrate does not prevent a suit at law. *McGunn* v. *Hanlin,* 29 Mich. 476. To have that effect, it must be accompanied by another and further agreement which either in express terms or by proper construction makes the award a condition precedent to the right of action."

See, also, *Siewek* v. *F. Joseph Lamb Co.,* 257 Mich. 670.

There is ample evidence to support the finding of the trial judge that defendant agreed that the truck rental deduction should be $20 per week, and that this was an included provision of the contract of February 19, 1940. It was a breach of defendant's contract with its employees to increase the charge for its trucks and in that manner reduce their wages.

Counsel agreed on the record as to the amount due plaintiff if the trial judge should find defendant liable.

The judgment is affirmed, with costs to appellee.

BOYLES, C. J., and CHANDLER, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., concurred in the result.