AMERICAN FEDERATION OF STATE, COUNTY AND
MUNICIPAL EMPLOYEES, AFL-CIO, MICHIGAN COUNCIL 25
AND LOCAL 1416 v HIGHLAND PARK BOARD OF EDUCATION

Docket No. 170915. Submitted May 17, 1995, at Detroit. Decided
October 31, 1995, at 9:10 A.M. Leave to appeal sought.

American Federation of State, County and Municipal Employees,
AFL-CIO, Michigan Council 25 and Local 1416 brought an
action in the Wayne Circuit Court against the Highland Park
Board of Education, alleging two instances of breach of the
parties' collective bargaining agreement. For each instance, the
plaintiffs had filed a grievance and pursued arbitration as
provided under the collective bargaining agreement. The court,
William Leo Cahalan, J., granted summary disposition for the
defendant, ruling that the action was barred by the six-year
period of limitation of MCL 600.5807(8); MSA 27A.5807(8). The
plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court erred in determining that arbitration was
not mandatory under the collective bargaining agreement.
Although the arbitration provision states that a grievance may
be appealed to arbitration, the preamble to the grievance
procedure, which includes arbitration, states that it is the
intent of the parties that the grievance procedure shall serve as
a means for a peaceful settlement of disputes between the
parties. Arbitration was mandatory and the plaintiffs had to
exhaust remedies under the collective bargaining agreement
before filing their action in court.

2. The six-year period of limitation for actions for breach of
contract, MCL 600.5807(8); MSA 27A.5807(8), applies to the
plaintiffs' action. The claim accrued and the limitation period
began to run on the dates the grievances were filed. However,
consistent with the policy of promoting private resolution of
labor disputes through internal union remedies, the period of
limitation was tolled until the date the defendant rejected the

REFERENCES

Am Jur 2d, Alternative Dispute Resolution §§ 55, 134-147.
See ALR Index under Collective Bargaining; Exhaustion of Remedies.

arbitration award. Thus, the plaintiffs' action was not barred by the statute of limitations.

Reversed and remanded.

TAYLOR, P.J., dissenting, stated that the collective bargaining agreement plainly provides for voluntary, not mandatory, arbitration, that the Court of Appeals must follow *Ensley v Associated Terminals, Inc,* 304 Mich 522 (1943), in which it was held that a mere agreement to arbitrate does not prevent a suit at law unless accompanied by another and further agreement that the arbitration award is a condition precedent to the right of action, and that the statutory period of limitation began to run when the grievances were filed, was not tolled during the arbitration, and expired before the plaintiffs filed their action.

LABOR RELATIONS — ACTIONS FOR BREACH OF COLLECTIVE BARGAINING AGREEMENTS — EXHAUSTION OF REMEDIES — LIMITATION PERIOD.

A party subject to a collective bargaining agreement that mandates that internal remedies must be pursued to resolve disputes must exhaust those remedies before filing a court action; a six-year period of limitation applies to actions for breach of a collective bargaining agreement; the limitation period is tolled until such time as internal remedies have been exhausted or become futile (MCL 600.5807[8]; MSA 27A.5807[8]).

*Miller, Cohen, Martens, Ice & Geary, P.C.* (by *Renate Klass*), for the plaintiffs.

*Kirk McCargo, P.C.* (by *Samuel E. McCargo, Donna Y. Glass,* and *Jerome D. Hill*), for the defendant.

Before: TAYLOR, P.J., and MARILYN KELLY and J. R. COOPER,* JJ.

MARILYN KELLY, J. Plaintiffs, AFSCME Council 25 and Local 1416, appeal from a grant of summary disposition to defendant, the Highland Park school board, in this action for breach of a collective bargaining agreement.

On appeal, plaintiffs argue that the trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

erred in holding that they had no obligation to exhaust the collective bargaining agreement's grievance procedure before initiating this action. They also claim error in the ruling that their breach of contract claim accrued when grievances were filed instead of when the grievance procedure was exhausted. We reverse and remand.

I

On May 2, 1984, defendant posted notices regarding two custodian positions. Afscme members Alvin Casey and Larry Anderson were the two most senior bargaining unit applicants for the positions. However, they were awarded to Darryl Bradshaw and Angelo Nelson, neither of whom was employed by defendant at the time the positions were advertised. Both men were related by blood or marriage to members of the defendant school board.

On June 30, 1985, defendant laid off afscme members holding the positions of bus driver and security guard. It also denied them their "bumping rights",[1] vacation pay and holiday pay. The positions had been 52-week per year jobs. The school board decided to reduce them to 42-week positions, with work during the summer eliminated.

Pursuant to the collective bargaining agreement, Local 1416 filed grievances relative to these alleged violations. They were denied, and the union submitted the claims to arbitration. The arbitrator duly issued an opinion and award in favor of plaintiffs. However, by the terms of the collective bargaining agreement, the arbitration award was only advisory. Defendant rejected it.

---

[1] "Bumping" is defined in the parties' collective bargaining agreement. It is the employee's right when notified of a layoff to replace an employee in a different job description in the same or lower classification, thus taking over the position.

On April 15, 1991, plaintiffs instituted this cause of action in circuit court, alleging that defendant had violated the terms of the collective bargaining agreement. Defendant moved for summary disposition, arguing that the statute of limitations precluded the complaint.

The trial court granted defendant's motion, holding that the limitations period applicable to plaintiffs' breach of contract claim was six years. Plaintiffs had filed the Casey/Anderson grievance in July, 1984, and the lay off grievance in February, 1985. The court concluded that the statutory period of limitations as to the former expired in July, 1990 and the latter in February, 1991. Therefore, the complaint, filed on April 15, 1991, was time barred. Plaintiffs argued that the arbitration provision in the collective bargaining agreement was a condition precedent to instituting suit for judicial relief. The court was unpersuaded.

II

Initially, we must determine whether the terms of the parties' collective bargaining agreement required plaintiffs to exhaust their remedies before filing an action in circuit court. Having reviewed the agreement, we find that the grievance procedure was mandatory and that plaintiffs had to exhaust their remedies before filing suit. The preamble to the grievance procedure states:

It is the intent of the parties to this Agreement that the grievance procedure set forth herein shall serve as a means for a peaceful settlement of disputes that may arise between them as to the application and interpretation of this Agreement and disciplinary action or other conditions of employment. Further, it shall serve to settle com-

plaints by a bargaining unit employee, or by the Union in its own behalf.

In step one of the procedure, the employee must present his grievance to the maintenance shop foreman or the maintenance and operation supervisor and/or the building principal. In step two, the grievance must be submitted to the director of maintenance and operations. In step three, it must be submitted to the assistant superintendent or executive vice-president in charge of personnel or his authorized delegate. If the union receives an unsatisfactory response, it may appeal the decision to the board of education. Then, the agreement provides:

Arbitration—within ten (10) school days after delivery of the Board's decision, a grievance may be appealed to advisory arbitration by the Union. . . . [Collective bargaining agreement at 8(g), p 10.]

Defendant concludes that use of the word "may," rather than "shall" at this section means that the union can either choose arbitration or proceed directly to circuit court. We disagree.

The word "shall" is generally used to designate a mandatory provision, while "may" designates discretion. *Mollett v Taylor,* 197 Mich App 328, 339; 494 NW2d 832 (1992). Here, the central language preceding the grievance procedure denotes that the entire procedure is mandatory:

It is the intent of the parties to this Agreement that the grievance procedure set forth herein *shall* serve as a means for a peaceful settlement of disputes that may arise between them as to the application and interpretation of the Agreement and disciplinary action or other conditions of em-

ployment. Further, it *shall* serve to settle complaints by a bargaining unit employee, or by the Union on its own behalf. [Emphasis added. Collective bargaining agreement at 8, p 8.]

The word "may" found in the arbitration step simply means that, at that point, the union may opt either for arbitration or abandon the claim. *Id.* Once they chose to contest defendant's decision beyond step four, plaintiffs were required to elect arbitration.[2]

We are also not persuaded by defendant's argument that the arbitration step must be optional, given that the arbitrator's opinion is advisory. The preamble language of the grievance section of the agreement clearly states that the grievance procedure "shall" serve to settle the complaints of the union. Plaintiffs, therefore, were obliged to exhaust their remedies under the collective bargaining agreement before proceeding to circuit court. *Generou v Kalamazoo Regional Psychiatric Hosp,* 192 Mich App 295, 305; 480 NW2d 638 (1991). The courts require the exhaustion of union remedies in order to advance the policy of encouraging a nonjudicial resolution of labor disputes. *Clayton v UAW,* 451 US 679; 101 S Ct 2088; 68 L Ed 2d 538 (1981).

### III

Next, we must determine the applicable statutory period of limitations and the point at which plaintiffs' claim accrued. Plaintiffs argue that a six-year statute of limitations applies in this case and that the claim accrues only after the internal

---

[2] As an alternative to arbitration, the collective bargaining agreement provided for fact finding by a fact finder appointed by the Michigan Labor Mediation Board. That alternative is not relevant to this cause.

remedies of the collective bargaining agreement have been exhausted.

### A

We find that the six-year statutory period for breach of contract actions applies in this case. MCL 600.5807(8); MSA 27A.5807(8). A claim accrues, for purposes of the statute of limitations, when suit may be brought. *Harris v Allen Park*, 193 Mich App 103, 106; 483 NW2d 434 (1992). For contract actions, the period of limitations generally begins to run on the date of the contract breach. *Id.*

Here, the claim accrued and the limitations period began to run no later than the date that the grievances were filed in July, 1984 and February, 1985, respectively. As this court action was brought in April, 1991, the statutory period had expired, unless, as argued by plaintiffs, it was tolled while the internal grievance procedure was being pursued.

### B

We find that plaintiffs' claims should have been equitably tolled until the date that defendant rejected the arbitration award. This issue has not been addressed by Michigan courts but has been addressed by federal courts in connection with labor disputes.

Federal courts recognize the policy of promoting private resolution of disputes through internal union remedies. *Robinson v Central Brass Mfg Co*, 987 F2d 1235, 1241 (CA 6, 1993); *Frandsen v Brotherhood of Railway, Airline & Steamship Clerks*, 782 F2d 674, 681 (CA 7, 1986). In the context of a § 301 claim under the Labor Relations

Management Act, 29 USC 185, the *Robinson* court noted the consequences of not tolling the running of a statute of limitations. An employee who does not want to forfeit access to the courts would often have to forego the internal union appeals process. Moreover, a "no tolling" rule would cause a flood of cautionary litigation that would undermine the policy behind the exhaustion rule. *Robinson, supra* at 1242.

C

The federal circuits are split as to whether the statute should be tolled even if the internal remedies are futile to obtain relief. *Frandsen, supra* at 682; *Robinson, supra* at 1242. We agree with *Robinson* that tolling the statute where a claimant pursues futile internal remedies does not serve public policy favoring the swift and uniform resolution of labor disputes. *Dunleavy v Local 1617, United Steelworkers,* 814 F2d 1087, 1089 (CA 6, 1987). See *Generou, supra.* Therefore, the statute should be deemed tolled only where internal remedy processes provide the parties with the opportunity to resolve their claims without resort to the courts.

D

Although the arbitration award in this case was advisory, it was not a futile procedure. The internal process provided the opportunity for a private settlement of the union's claims. Even if the arbitration process in this case had proven to be unsuccessful, it might have benefited the parties by convincing one that its claims lacked merit. Thus, it would have been less likely to file a court action. *Robinson, supra* at 1243. For the reasons

stated above, we find that the statutory period of limitations was tolled until the date defendant rejected the arbitration award. Plaintiffs' claims were not time barred.

Our holding is consistent with the general purpose of statutes of limitations which is to provide plaintiffs with a reasonable opportunity to: (1) bring suit, (2) compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend, (3) relieve the court system from dealing with stale claims, and (4) protect potential defendants from protracted fear of litigation. *Chase v Sabin*, 445 Mich 190, 194-201; 516 NW2d 60 (1994). Here, defendant cannot argue prejudice by a late filing, because plaintiffs are raising the same claims in court that were treated through the internal grievance process. Tolling the statute also allows plaintiffs access to the courts, which would have been lost had they been required to exhaust internal remedies before filing.

We recognize that, over fifty years ago, a Supreme Court case cited by defendant stated that an agreement to arbitrate does not prevent a suit at law. *Ensley v Associated Terminal, Inc*, 304 Mich 522; 8 NW2d 161 (1943). It held that the agreement must make an arbitration award a condition precedent by express terms in order to bar a suit. However, *Ensley* cited *Chadwick v Phoenix Accident & Sick Benefit Ass'n*,[3] for that proposition. *Chadwick* did not involve a collective bargaining agreement, nor did it address the doctrine of exhaustion of remedies. Moreover, *Ensley* has not been cited by any other court since its release in 1943. A complex body of law relating to collective bargaining agreements has developed

[3] 143 Mich 481; 1065 NW 1122 (1906).

since that date. We feel that *Ensley* does not comprehend the current status of labor law, and it would be unwise to pattern today's decision after its limited holding.

In conclusion, we hold that, where a collective bargaining agreement mandates that internal remedies be pursued to resolve disputes, a party must exhaust those remedies before filing a court action. An exception exists where the remedies have become futile. Furthermore, the statutory period of limitations for breach of a collective bargaining agreement is tolled until such time as internal remedies have been exhausted or become futile.

We reverse and remand this case for a determination as to whether defendant breached the collective bargaining agreement. We do not retain jurisdiction.

J. R. COOPER, J., concurred.

TAYLOR, J. *(dissenting)*. I respectfully dissent because I cannot accept the majority's conclusion that arbitration was mandatory and, thus, tolled the period of limitation.

Contrary to the majority's conclusion, arbitration was not a condition precedent to instituting a suit for judicial relief. Although the preamble to the grievance procedure is stated in mandatory terms,[1] the arbitration provisions in the agreement are permissive:

---

[1] Paragraph 8 of the parties' agreement states:

It is the intent of the parties to this Agreement that the grievance procedure set forth herein shall serve as a means for a peaceful settlement of disputes that may arise between them as to the application and interpretation of this Agreement and disciplinary action or other conditions of employment. Further, it shall serve to settle complaints by a bargaining unit employee, or by the Union in its own behalf.

Arbitration—within ten (10) school days after delivery of the Board's decision, a grievance *may* be appealed to advisory arbitration by the Union. The arbitrator shall be selected and the arbitration shall be conducted under the rules of the American Arbitration Association. The fees and expenses of the arbitrator and of the American Arbitration Association shall be shared equally by the Board and the Union. The arbitrator's decision shall be advisory only and shall not be binding upon any party except in matters involving wages, discharge or suspension. [Emphasis added.]

The word "shall" is generally used to designate a mandatory provision, while "may" designates discretion. *Mollett v Taylor,* 197 Mich App 328, 339; 494 NW2d 832 (1992). The mandatory and permissive provisions in this contract are not inconsistent. They are harmonious and allow a permissive use of arbitration following the mandatory grievance procedure. It is simply impossible, utilizing a plain-language analysis of the contract, to justify the majority's conclusion that these arrangements manifest the parties' intention to either "opt for arbitration or abandon the claim." Indeed, a plain reading leads to a different conclusion: opt for permissive arbitration or file an action in court.

Moreover, even if the traditional rules of contract interpretation do not militate convincingly against the majority's skewed interpretation, one might think our Supreme Court's dispositive handling of this issue does. In *Ensley v Associated Terminals, Inc,* 304 Mich 522, 528; 8 NW2d 161 (1943), our Supreme Court held:

A mere agreement to arbitrate does not prevent a suit at law. . . . To have that effect, it must be accompanied by another and further agreement which either in express terms or by proper con-

struction makes the award a condition precedent
to the right of action.

Like the trial court, I conclude that the *Ensley*
decision is directly on point and controls the reso-
lution of this lawsuit. The majority, while ac-
knowledging that the case is on point, chooses not
to follow *Ensley* because it "has not been cited by
any other court since its release in 1943." This
position of insubordination is unseemly in an infe-
rior court. The fact that no published decision has
cited *Ensley* is of no consequence. The Supreme
Court's holding in *Ensley* is applicable to the facts
of this case and this Court is bound to follow it.
This Court cannot ignore a Supreme Court deci-
sion merely because it concludes that the prece-
dent is invalid because it is too old.

> [I]t is the Supreme Court's obligation to overrule
> or modify case law if it becomes obsolete, and until
> [that] Court takes such action, the Court of Ap-
> peals and all lower courts are bound by that
> authority. [*Boyd v WG Wade Shows,* 443 Mich 515,
> 523; 505 NW2d 544 (1993).]

According to the collective bargaining agreement's
plain language and our Supreme Court's decision
in *Ensley,* I would hold that the arbitration provi-
sion is voluntary, not mandatory. Therefore, plain-
tiffs were not required to arbitrate before filing
their action in the circuit court.

A claim accrues, for purposes of the statute of
limitations, when suit may be brought. *Harris v
Allen Park,* 193 Mich 103, 106; 483 NW2d 434
(1992). For contract actions, the period of limita-
tion generally begins to run on the date of the
contract breach. *Id.* In this case, the claim accrued
and the limitation period began to run no later
than the date the grievances were filed in July

1984 and February 1985. Because the arbitration provision was not mandatory and did not need to be exhausted before plaintiffs' court action could be pursued, the period of limitation was not tolled and expired in July 1990 and February 1991, respectively. MCL 600.5807(8); MSA 27A.5807(8). Inasmuch as plaintiffs' complaint was filed on April 15, 1991, it was untimely. The trial court did not abuse its discretion in granting defendant's motion for summary disposition.

I would affirm.