MURAD v PROFESSIONAL AND ADMINISTRATIVE UNION LOCAL 1979

Docket No. 208368. Submitted November 10, 1999, at Detroit. Decided February 1, 2000, at 9:00 A.M.

Munib and Madea Murad brought an action in the Wayne Circuit Court against Professional and Administrative Union Local 1979 and others after Munib Murad's employment at Wayne State University was terminated. The plaintiffs alleged that, among other things, Local 1979, Munib Murad's union, had breached its duty of fair representation by failing to adequately investigate and prosecute the grievance filed following termination. Local 1979 moved for summary disposition, arguing that the plaintiffs' action was foreclosed because Munib Murad had failed to exhaust internal union remedies. The court, Edward M. Thomas, J., denied the motion. Local 1979 appealed by leave granted.

The Court of Appeals *held*:

An employee may not bring an action under the public employment relations act, MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.*, for a union's alleged breach of its duty of fair representation in processing a grievance unless the employee has attempted to exhaust the internal union appeals procedures. A court, at its discretion, may properly excuse the employee's failure to exhaust such internal remedies where the union officials are so hostile to the employee that the employee could not hope to obtain a fair hearing on the claim, where the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award the employee the full relief sought, or where exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of the employee's claim.

In this case, the trial court, in excusing Munib Murad's failure to exhaust internal remedies, erred in concluding that such remedies would be futile and would result in unreasonable delay. The internal remedies provide adequate relief, and the plaintiffs presented no evidence demonstrating that the union appeals procedures consume an inordinate amount of time.

Reversed and remanded for entry of judgment for Local 1979.

LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — BREACH OF DUTY OF
    FAIR REPRESENTATION — COURT ACTIONS — EXHAUSTION OF INTERNAL
    UNION REMEDIES.
    An employee may not bring an action under the public employment
    relations act for a union's alleged breach of its duty of fair repre-
    sentation in processing a grievance unless the employee has
    attempted to exhaust the internal union appeals procedures; a
    court, at its discretion, may properly excuse the employee's failure
    to exhaust such internal remedies where the union officials are so
    hostile to the employee that the employee could not hope to obtain
    a fair hearing on the claim, where the internal union appeals proce-
    dures would be inadequate either to reactivate the employee's
    grievance or to award the employee the full relief sought, or where
    exhaustion of internal procedures would unreasonably delay the
    employee's opportunity to obtain a judicial hearing on the merits of
    the employee's claim (MCL 423.201 *et seq.*; MSA 17.455[1] *et seq.*).

*David B. Grant,* for Munib and Madea Murad.

*Klimist, McKnight, Sale, McClow & Canzano, P.C.*
(by *Roger J. McClow*) and *Connye Y. Harper,* for Pro-
fessional and Administrative Union Local 1979.

Before: GRIBBS, P.J., and MURPHY and GRIFFIN, JJ.

MURPHY, J. Defendant Professional and Administra-
tive Union Local 1979 appeals by leave granted from
the circuit court's order denying its motion for sum-
mary disposition with regard to plaintiff Munib
Murad's claim that defendant breached its duty of fair
representation. We reverse and remand.

Plaintiff Munib Murad brought a six-count com-
plaint against the various defendants. The present
appeal concerns plaintiff's allegation that defendant
Professional and Administrative Union Local 1979
breached its duty of fair representation by failing to
adequately investigate and prosecute the grievance
resulting from plaintiff's termination from his employ-
ment at Wayne State University (WSU). On April 2,
1997, defendants Local 1979 and International Union,

UAW (UAW) filed a motion for summary disposition pursuant to MCR 2.116(C)(10), seeking dismissal of the two counts alleged against them, conspiracy and breach of duty of fair representation. On July 8, 1997, the circuit court granted defendants' motion with regard to the count alleging conspiracy, but denied the motion with regard to the count alleging breach of duty of fair representation. In denying summary disposition on that count, the circuit court excused plaintiff's failure to exhaust internal union appeals processes on the basis of futility, finding that union remedies would not restore plaintiff's position and might not provide adequate relief for two years of lost pay and benefits. The circuit court also found that there was a genuine issue of material fact regarding whether plaintiff's grievance was properly investigated and whether plaintiff's grievance had merit.

On September 9, 1997, Local 1979 filed a second motion for summary disposition. Raising new grounds in this motion, Local 1979 attempted to separate itself from defendant UAW by arguing that any potential liability for improper handling of the grievance lay only with the UAW. Local 1979 also argued that there could be no breach of duty of fair representation because WSU did not breach the collective bargaining agreement. Finally, Local 1979 repeated the argument that plaintiff was foreclosed from pursuing this action because he failed to exhaust internal union remedies. On November 11, 1997, the circuit court entered an order denying defendant's motion in its entirety. The court first indicated that defendant's arguments should have been raised in a motion for rehearing pursuant to MCR 2.119(F), but that defendant's motion was untimely under MCR 2.119(F)(1). It then

proceeded to liberally construe defendant's second motion as an application for leave to file a delayed motion for rehearing. The court found that the issues presented were either the same as those originally raised, or were issues that should have been previously raised, and found that defendant demonstrated no palpable error such as would warrant revisiting the issues previously adjudicated. The court also found that defendant's argument that WSU did not breach its collective bargaining agreement (a required element in a breach of duty of fair representation claim) was premature given that WSU's motion for summary disposition on that ground was still pending. Defendant's application for leave ensued.

This Court reviews the grant or denial of a motion for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion brought under MCR 2.116(C)(10) tests the factual support for the plaintiff's claim. *Id.* This Court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party to determine whether a genuine issue of any material fact exists to warrant a trial. *Ritchie-Gamester v Berkley*, 461 Mich 73, 76-77; 597 NW2d 517 (1999).[1]

---

[1] We note that notwithstanding the trial court's unusual treatment of defendant's September 9, 1997, motion, because this second motion was based at least in part on different grounds, specifically the reliance on WSU's contemporaneously asserted lack of breach, the motion was appropriately presented as one for summary disposition. See *Markis v Grosse Pointe Park*, 180 Mich App 545, 550-551; 448 NW2d 352 (1989). Consequently, we review the issues presented under the standards applicable to motions brought pursuant to MCR 2.116(C)(10), and we disregard plaintiff's repeated references to procedural irregularity.

Defendant first contends that the trial court erred in finding that plaintiff's conceded failure to exhaust internal union remedies was excusable. We agree.

Though not explicitly identified by the parties' briefs, this labor and employment action involving a state university employee is clearly governed by the public employment relations act (PERA), MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.* The PERA is patterned after the federal National Labor Relations Act (NLRA), 29 USC 151 *et seq. Demings v Ecorse*, 423 Mich 49, 53, 56; 377 NW2d 275 (1985). Acknowledging this relationship, our Supreme Court has stated that " 'in construing our state labor statutes we look for guidance to "the construction placed on the analogous provisions of the NLRA by the [National Labor Relations Board] and the Federal courts." ' " *Id.* at 56, quoting *Goolsby v Detroit*, 419 Mich 660-661, n 5; 358 NW2d 856 (1984), quoting *Rockwell v Crestwood School Dist Bd of Ed*, 393 Mich 616, 636; 227 NW2d 736 (1975). While we accordingly search for guidance in federal labor cases, we note that "[f]ederal precedent is relevant and persuasive only to the extent it is based on similar facts and circumstances and best effectuates the policy of the PERA." *Southfield Police Officers Ass'n v Southfield*, 433 Mich 168, 184; 445 NW2d 98 (1989).

The Supreme Court's decision in *Clayton v Int'l Union, UAW*, 451 US 679; 101 S Ct 2088; 68 L Ed 2d 538 (1981), a case arising pursuant to § 301(a) of the Labor Management Relations Act, 29 USC 185(a), provides the appropriate test for resolving the precise question with which we are now faced. As set forth in *Clayton*, the question is

whether, and in what circumstances, an employee alleging that his union breached its duty of fair representation in processing his grievance, and that his employer breached the collective-bargaining agreement, must also attempt to exhaust the internal union appeals procedures established by his union's constitution before he may maintain his suit under § 301. [*Id.* at 682.]

The Court described the test as follows:

As we stated in *NLRB v Marine Workers*, [391 US 418, 426, and n 8; 88 S Ct 1717; 20 L Ed 2d 706 (1968)], courts have discretion to decide whether to require exhaustion of internal union procedures. In exercising this discretion, at least three factors should be relevant: first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. If any of these factors are found to exist, the court may properly excuse the employee's failure to exhaust. [*Id.* at 689.]

The test outlined in *Clayton* has frequently been utilized by the Court of Appeals for the Sixth Circuit in analyzing so-called "hybrid § 301/fair representation" claims. See *Wagner v General Dynamics*, 905 F2d 126 (CA 6, 1990); *Monroe v Int'l Union, UAW*, 723 F2d 22 (CA 6, 1983). That court has also applied *Clayton* to a PERA claim arising as part of a diversity action. See *Rogers v Buena Vista Schools Bd of Ed*, 2 F3d 163 (CA 6, 1993). Until today, however, *Clayton*

has never been explicitly adopted by Michigan courts in the context of a PERA action.[2]

The Court of Appeals for the Sixth Circuit has concisely detailed the internal appeals process at issue in this case:

> The UAW Constitution requires its members in the case of a complaint or grievance against it to exhaust internal remedies. Under the constitution, an aggrieved member is first bound to seek relief from the membership of his Local, and in the event of failure there to petition the UAW Executive Board. The final source of internal relief is either the Constitutional Convention Appeals Committee or the Public Review Board. [*Monroe, supra* at 24.]

The current UAW constitution, art 33, § 5, provides:

> It shall be the duty of any individual or body, if aggrieved by any action, decision, or penalty imposed, to exhaust fully

---

[2] In *AFSCME v Highland Park Bd of Ed*, 214 Mich App 182, 187; 542 NW2d 333 (1995), *Clayton* was cited for the general proposition that courts require the exhaustion of union remedies. This citation was made, however, in reference to the issue of the plaintiff union's exhaustion of remedies under a collective bargaining agreement, and in the context of a question whether to toll the statute of limitations with respect to a claim that the defendant school board breached the collective bargaining agreement.

Our Supreme Court, in a 4-1 decision with four separate opinions, recently affirmed the Court of Appeals decision that the plaintiff's suit was timely filed. *AFSCME v Highland Park Bd of Ed*, 457 Mich 74; 577 NW2d 79 (1998). The various justices, however, specifically noted that the application of the exhaustion requirement invokes different considerations when applied to contractual grievance and arbitration procedures rather than to internal union procedures. *Id.* at 86, n 7 (opinion by CAVANAGH, J.), 93, n 1 (opinion by BRICKLEY, J., concurring). The questionable application of *Clayton* to the claim therein asserted was further indicated by Justice BOYLE in her concurring opinion, as she noted first that the action did not involve a breach of the duty of fair representation, and then that the parties had not only failed to distinguish this claim, brought by the union against the employer, from those cases involving an employee's claim against both employer and union, but that they had also failed to address the implication of the PERA. *Id.* at 98.

the individual or body's remedy and all appeals under this Constitution and the rules of this Union before going to a civil court or governmental agency for redress.

With regard to the *Clayton* exhaustion test, plaintiff has never asserted that union officials are hostile. Plaintiff did, however, argue below that pursuit of these internal remedies would be futile and would result in unreasonable delay. In this appeal, defendant contends that the circuit court erred in concluding, in agreement with plaintiff's arguments, that the constitutionally required internal appeals would be futile and would result in unreasonable delay. We agree on both counts.

With respect to futility, plaintiff contends that the circuit court appropriately found that internal union remedies do not offer full relief because the union cannot return him to the position he occupied before his termination. This argument, however, fails to consider that under *Clayton, supra,* the adequacy of the remedy is measured by either of two options: reactivation of the grievance or the award of full relief sought. *Id.* at 689; see also *Wagner, supra* at 128. The majority in *Clayton* noted that if a union and an employer have "agreed to allow the reinstatement of withdrawn grievances where a union tribunal reverses the union's initial decision, . . . the relief available through the union's internal appeal procedures would presumably be adequate." *Clayton, supra* at 691, n 18. Despite the lack of a grievance reinstatement provision in the relevant collective bargaining agreement, in *Monroe, supra* at 25, the court found that the plaintiff failed to establish futility where a separate "letter agreement" between the union and the employer did include such a provision.

The court explicitly noted that this finding was not affected by the plaintiff's asserted ignorance with regard to the availability of "full relief as defined in *Clayton*." *Id.* at 26.

This case presents stronger support than *Monroe* for a finding that the internal appeal procedures were adequate. In this case, article 8(A) of the collective bargaining agreement between WSU and Local 1979 provides for reinstatement of a grievance by the International Union at the third step of the grievance procedure where, as here, the grievance has previously been withdrawn without prejudice. Furthermore, although article 8(A) provides that WSU's financial liability in the event of reinstatement dates only from the date of reinstatement, uncontroverted affidavits introduced by defendant indicate that internal union procedure can also result in an award of monetary relief from the union to compensate for such a limitation on recovery from the employer. We find that in combination, these potential remedies satisfactorily present adequate relief as defined in *Clayton*.

Plaintiff also contends that the circuit court properly acknowledged his assertion that resort to internal remedies might prove unseasonable in terms of according him adequate relief, an assertion based on the fact that at the time of the decision below plaintiff had been without pay and benefits for over two years. This argument fails to consider what we find an elementary principle underlying this third factor of the *Clayton* test: to support a claim of delay, a plaintiff must at least initiate internal union procedures. Having chosen to pursue this litigation instead of appealing through the union, plaintiff himself is the cause of the present delay in resolution of his

employment situation. Moreover, plaintiff presents no evidence demonstrating that the internal union procedure consumes an inordinate amount of time. The Court of Appeals for the Sixth Circuit dismissed a similar argument on much the same reasoning, see *Wagner, supra* at 129, and like that court, we summarily reject this portion of plaintiff's argument.

Plaintiff has failed to show the existence of either inadequate relief or unreasonable delay, and we accordingly find that the circuit court erred in excusing plaintiff's failure to exhaust internal union remedies. The circuit court's denial of summary disposition was therefore erroneous. Because this threshold issue is determinative, we need not reach defendant's additional claims concerning the circuit court's findings of material issues of fact related to the alleged breach of duty of fair representation.

Reversed and remanded for entry of judgment in accord with this opinion. We do not retain jurisdiction.