*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* GENE L. LEITHAUSER TRUST.

---

JANIS M. BRENNEN, Trustee of
GENE L. LEITHAUSER TRUST,

Petitioner,

v

JOYCE LEITHAUSER,

Appellant,

and

ALEXANDER LEITHAUSER,

Appellee,

and

GAIL LEITHAUSER,

Other Party.

UNPUBLISHED
May 26, 2022

No. 357738
Oakland Probate Court
LC No. 2021-399313-TV

---

Before: SWARTZLE, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

In this probate action, appellant Joyce Leithauser appeals the probate court's June 2021 order, which awarded Kurt Leithauser's remaining share from Gene L. Leithauser's Trust to appellee Alexander Leithauser. We affirm.

-1-

## I. BACKGROUND

In 1997, Gene L. Leithauser (the settlor) executed the trust at issue in this case. The trust was created for the benefit of the settlor's wife, Emilie Leithauser (Emilie), during her lifetime. The settlor died in 2018. The settlor was survived by Emilie and their three children: Janis M. Brennen (the trustee), Gail Leithauser, and Kurt Leithauser (Kurt). When Emilie died in February 2020, she was survived by the same three children. In May 2020, the trustee made a partial distribution of the trust assets to the three children. Kurt died before he received his entire share of the trust assets. Kurt was survived by appellant, who is Kurt's wife and the personal representative of Kurt's estate, and appellee, who is Kurt's son. Appellant and appellee disputed who was entitled to Kurt's remaining share.

In March 2021, the trustee filed a petition, requesting that the probate court determine the proper beneficiary of Kurt's remaining share of the trust assets. To determine the proper distribution of the assets in question, the trustee requested that the probate court interpret Article VII(E)(4)(b) of the trust, which provides: "If any of the Settlor's children shall die before termination of the trust and its distribution thereof, the share herein provided for the deceased child shall be held in a 'Grandchildren's Trust.' " The probate court interpreted this Article to mean that, because Kurt did not survive the termination *and* distribution of the trust assets, the remainder of Kurt's share must be distributed to appellee through a grandchildren's trust. This appeal followed.

## II. STANDARD OF REVIEW

"We review de novo a probate court's construction and interpretation of the language used in a will or a trust. When construing a trust, a court's sole objective is to ascertain and give effect to the intent of the settlor." *In re Stillwell Trust*, 299 Mich App 289, 294; 829 NW2d 353 (2012). (quotation marks and citations omitted). "This intent is gauged from the trust document itself, unless there is ambiguity." *In re Kostin*, 278 Mich App 47, 53; 748 NW2d 583 (2008). "A court may not construe a clear and unambiguous [document] in such a way as to rewrite it, and, where possible, each word should be given meaning. . . ." *In re Estate of Reisman*, 266 Mich App 522, 527; 702 NW2d 658 (2005) (quotation marks, citations, and alteration omitted).[1] "The word 'shall' is generally used to designate a mandatory provision. . . ." *American Federation of State, Co & Muni Employees v Highland Park Bd of Edu*, 214 Mich App 182, 186; 542 NW2d 333 (1995). The word "and" is a conjunction that means "with," "as well as," and "in addition to. . . ." *Amerisure Ins Co v Plumb*, 282 Mich App 417, 428; 766 NW2d 878 (2009). "When given its plain and ordinary meaning, the word 'and' between two phrases requires that both conditions be met." *Id*.

---

[1] "The rules in interpreting contracts are equally applicable to interpreting wills," *Czapp v Cox*, 179 Mich App 216, 219; 445 NW2d 218 (1989), and "[t]he rules of construction applicable to wills also apply to the interpretation of trust documents," *In re Estate of Reisman*, 266 Mich App at 527. Thus, when interpreting the trust instrument, we will at times refer to authority that interprets contracts and wills.

III.  ANALYSIS

Appellant argues that the probate court erred because the unambiguous trust language requires Kurt's remaining share to be distributed to his estate.  We disagree.

Article VII(E) of the trust provides:

4. TERMINATION OF TRUST: After the death of the Settlor's spouse, the trust shall terminate and shall be distributed as follows:

(a) DIVISION OF TRUST ESTATE: The trust estate shall be divided into three shares; 50% of the trust estate shall be paid to the Settlor's daughter, JANIS M. BRENNEN[;] 25%[ ] to the Settlor's daughter GAIL ANN LEITHAUSER; and 25% to the Settlor's son, KURT J. LEITHAUSER.

(b) DEATH OF A CHILD: If any of the Settlor's children shall die before termination of the trust and its distribution thereof, than [sic] the share herein provided for the deceased child shall be held in a "Grandchildren's Trust" as provided hereafter in subparagraph (c).

Thus, the settlor intended for the trust to terminate after Emilie's death[2] and for the trustee to distribute the remainder of the trust estate to the settlor's children, as outlined in the trust instrument.  However, in order to be entitled to their shares, the settlor's children had to survive the termination of the trust *and* the distribution of the trust estate.

The trust instrument does not define "distribution."  Therefore, it is proper to consult dictionary definitions. *Citizens Ins Co v Pro-Seal Serv Group*, *Inc*, 477 Mich 75, 84; 730 NW2d 682 (2007).  "Distribute" is defined as "to divide and give out in shares; allot," *Random House Webster's College Dictionary* (2005), "to give out or deliver esp. to members of a group," *Merriam-Webster's Collegiate Dictionary* (11th ed), and "[t]o . . . disperse," *Black's Law Dictionary* (7th ed).

In this case, it is undisputed that Kurt died before his remaining share was given to him.  Because Kurt died before the distribution of the trust estate was complete, the trust instrument requires Kurt's remaining share to "be held in a 'Grandchildren's Trust'. . . ."  Although appellant argues that Kurt had a vested interest in his entire share at the time of Emilie's death, appellant disregards the fact that the trust instrument required Kurt to survive both the termination of the trust and "its distribution. . . ."  To conclude that Kurt only had to survive Emilie's death would require us to disregard the plain language of the trust instrument, which we are not permitted to do. *Northline Excavating, Inc v Livingston Co*, 302 Mich App 621, 627-628; 839 NW2d 693 (2013) ("We must give effect to every word, phrase, and clause in [an instrument] and avoid an

---

[2] Under MCL 700.7410(1), "a trust terminates to the extent the trust . . . expires pursuant to its terms. . . ."

interpretation that would render any part of the [instrument] surplusage or nugatory.") (Quotation marks and citation omitted).

Additionally, as noted by the probate court, the trust instrument clearly reflects that the settlor's intent was to provide for *living* relatives. For example, Article VII(E)(4)(c)(4) provides:

> PRIOR DEATH: In the event that a grandchild being the child of the Settlor's deceased child shall die before attaining age twenty-five (25) years then such grandchild's separate share shall be distributed and allocated equally to the separate share Trusts so set up for the Settlor's *living grandchildren* being the children of the Settlor's deceased child, if such separate share Trusts are still in existence, otherwise outright to those *living grandchildren* whose Trusts have terminated. [Emphasis added.]

There is no indication anywhere in the trust instrument that the settlor intended to provide for the spouse of a deceased child through a devise to the deceased child's estate. In fact, the settlor only intended to provide for someone other than a child or a grandchild if "no beneficiary . . . [was] living" "at the time of the termination of [the] trust. . . ." Article VII(E)(4)(c)(5). In such a case, the settlor directed that "all of the remaining principal and accrued and undistributed income of [the] trust . . . be distributed to those persons who would be entitled to the distribution of the property of the Settlor, and in such shares, had the Settlor died at that time intestate and a resident of the State of Michigan." Article VII(E)(4)(c)(5). Thus, the probate court did not err by concluding that the trust instrument was unambiguous and that Kurt's remaining share must be held in a "Grandchildren's Trust." Given this holding, we need not address the parties' remaining arguments.

Affirmed.

/s/ Brock A. Swartzle
/s/ Thomas C. Cameron
/s/ Sima G. Patel