*In re* LEMMER

Docket No. 132880. Submitted August 6, 1991, at Lansing. Decided September 16, 1991, at 9:15 A.M.

In January 1990, the Department of Social Services petitioned the Clinton County Probate Court, Juvenile Division, alleging that the respondents, Brian D. and Sherri A. Lemmer, had sexually abused their two minor children. Following a preliminary hearing, the court, Marvin E. Robertson, J., ordered that the children be placed in foster care and the respondents' attorney be allowed to interview them. The petitioner appealed the interview provision, and the Clinton Circuit Court, Timothy M. Green, J., reversed, disallowing the interview. Following the probate court's certification of a controlling question of law with regard to the interview issue, the Court of Appeals granted Brian Lemmer's delayed application for leave to appeal.

The Court of Appeals *held:*

The probate court did not have authority to order the interview of the children. MCR 5.922(A), which governs discovery in child protective proceedings after January 1, 1988, allows discovery only of items in existence or within the knowledge or possession of the petitioner or a law enforcement agency. It does not authorize the order granted by the probate court. The circuit court's order is affirmed, and the probate court's order granting an interview is vacated.

Affirmed.

COURTS — PROBATE COURTS — CHILD PROTECTIVE PROCEEDINGS — DISCOVERY — COURT RULES.

The court rule governing discovery in child protective proceedings after January 1, 1988, does not permit a probate court to order an interview or deposition of the alleged child victim by the respondent (MCR 5.922[A]).

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 285, 287, 288; Infants §§ 16, 17.5, 22, 29, 31, 32.

See the Index to Annotations under Abuse of Persons; Children; Discovery; Investigation and Interrogation.

*Charles D. Sherman,* Prosecuting Attorney, *Mary C. Pino,* Chief Assistant Prosecuting Attorney, and *Michael E. Clarizio,* Assistant Prosecuting Attorney, for the petitioner.

*Christopher A. Picard,* for Brian D. Lemmer.

Before: MacKenzie, P.J., and Reilly and Connor, JJ.

Per Curiam. Petitioner instituted this child protective proceeding in January 1990, alleging that respondents had sexually abused their two minor children. Following a preliminary hearing, the children were placed in foster care by order of the probate court. Additionally, the probate court ordered that respondents' attorney be allowed to interview the children. Petitioner appealed the interview provision, and the circuit court reversed, disallowing an interview of the children. Respondent Brian Lemmer now appeals by leave granted. We conclude that the probate court was without authority to order respondents' interview of the children.

Before January 1, 1988, discovery in child protective proceedings was governed by MCR 5.907(B)(5), which gave the probate court the discretion to question witnesses, subpoena additional witnesses, or "order the discovery of any other evidence." This Court, in *In re Macomber,* 176 Mich App 131; 439 NW2d 307 (1989), rev'd on other grounds 436 Mich 386; 461 NW2d 671 (1990), construed MCR 5.907(B)(5) as providing the probate court with the discretion to allow the respondent in a child protective proceeding to depose the alleged child victim.

Effective January 1, 1988, however, MCR 5.907(B)(5) was replaced by MCR 5.922(A), which provides in pertinent part:

(1) The following materials are discoverable as of right in all proceedings provided they are requested no later than 21 days before trial:

(a) all written or recorded statements and notes of statements made by the juvenile or respondent which are in possession or control of petitioner or a law enforcement agency, including oral statements if they have been reduced to writing;

(b) all written or recorded nonconfidential statements made by any person with knowledge of the events in possession or control of petitioner or a law enforcement agency, including police reports;

(c) the names of prospective witnesses;

(d) a list of all physical or tangible objects which are prospective evidence;

(e) the results of all scientific, medical, or other expert tests or experiments, including the reports or findings of all experts, which are prospective evidence in the matter;

(f) the results of any lineups or showups, including written reports or lineup sheets; and

(g) all search warrants issued in connection with the matter, including applications for such warrants, affidavits, and returns or inventories.

(2) *All other materials,* or an untimely request for materials otherwise discoverable of right under subrule (A)(1), are discoverable as permitted on motion by leave of the court. Absent manifest injustice, no motion for discovery will be granted unless the moving party has requested and has not been provided the materials sought through an order of discovery. [Emphasis added.]

Unlike the old rule, MCR 5.922(A) permits the discovery of "materials," instead of "evidence." Respondent essentially acknowledges that the requested interview in this case falls outside the materials that are expressly made discoverable under MCR 5.922(A)(1), but contends that an interview comes within the meaning of "other materials" under MCR 5.922(A)(2). Petitioner argues that

"other materials" means materials similar to the reports and statements listed in MCR 5.922(A)(1), and does not include statements or interviews. We agree with petitioner.

Under the doctrine of ejusdem generis, where a law contains general words following the specific enumeration of particular things, the general words are to be construed as applicable to only the same kind of things as previously enumerated. *Southeastern Oakland Co Incinerator Authority v Dep't of Natural Resources,* 176 Mich App 434, 441; 440 NW2d 649 (1989). This rule of statutory construction applies equally to the interpretation of court rules. *In re Prichard Estate,* 169 Mich App 140, 150-151; 425 NW2d 744 (1988).

All the "materials" enumerated in MCR 5.922(A)(1) are items that are either in a tangible form (such as police reports, copies of oral statements, or test results) or are within the knowledge of the petitioner (such as the names of prospective witnesses) at the time the discovery request is made. Applying the doctrine of ejusdem generis, any "other materials" should similarly be read as including only items in existence and within the present knowledge or possession of the petitioner or a law enforcement agency. This construction precludes an order, such as that entered by the probate court, granting an interview or a deposition.

The decision of the circuit court is affirmed, and the probate court order granting an interview is vacated.