GENESEE COUNTY SOCIAL SERVICES WORKERS UNION v
GENESEE COUNTY

Docket No. 136072. Submitted December 2, 1992, at Lansing. Decided
January 28, 1993; approved for publication June 3, 1993, at
9:10 A.M.

The Genesee County Social Services Workers Union petitioned
the Michigan Employment Relations Commission for a determi-
nation that the Genesee County Prosecutor's office was not a
coemployer of social workers employed in the prosecutor's office
after the prosecutor claimed that he and the county were
coemployers of the workers and that the union must bargain
with the prosecutor's office to establish terms of employment
with regard to the workers that differed from the terms found
in the collective bargaining agreement between the union and
the county. The MERC held that the prosecutor's office was a
coemployer and that the union was obligated to bargain collec-
tively with it. The union appealed.

The Court of Appeals *held:*

The prosecutor's office is not a coemployer of the social
workers because it did not have the power both to appoint
them and to revoke that appointment. The MERC erred in
ordering the union to bargain with the prosecutor. The prose-
cutor is not given authority to hire, manage, or terminate the
employment of the social workers by MCL 49.31; MSA 5.791.
The statute's plain expression of five types of employees that
may be appointed by the prosecutor implies that other types of
employees, such as social workers, may not. The social workers
are not "other employees appointed under the act" and, there-
fore, the prosecutor's reliance on MCL 49.35; MSA 5.795 to
establish coemployer status is misplaced.

Reversed.

1. PROSECUTING ATTORNEYS — EMPLOYEES.

The Legislature's plain expression of five types of employees that

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political
Subdivisions §§ 193 *et seq.*; Prosecuting Attorneys § 20.
See ALR Index under Prosecuting Attorneys.

may be appointed by a prosecuting attorney implies that other types of employees, such as social workers and victim-witness assistants, may not be appointed by, and thus are not employees of, a prosecuting attorney (MCL 49.31; MSA 5.791).

2. Prosecuting Attorneys — Counties — Coemployers.
   Prosecuting attorneys are coemployers, along with counties, of employees that they are given statutory authority to hire, manage, or terminate (MCL 49.31, 49.35; MSA 5.791, 5.795).

*Loyst Fletcher, Jr.* (by *William H. Crawford, II*), for the petitioner.

*Gault, Davison, Bowers, Hill, Parker & McAra* (by *Kendall B. Williams* and *Linda Warren Graham*), for the Genesee County Prosecutor's Office.

Before: Holbrook, Jr., P.J., and Fitzgerald and D. A. Roberson,* JJ.

Per Curiam. Petitioner, a union representing social service workers in Genesee County, appeals as of right an order of the Michigan Employment Relations Commission. The MERC held that the Genesee County Prosecutor's office was a coemployer with Genesee County of several social workers employed in the prosecutor's office. The MERC concluded that the union had failed to meet its obligation to bargain, imposed by the public employment relations act (PERA), MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.*, when it refused to bargain with the prosecutor regarding his desire to establish noneconomic terms of employment that differed from the terms found in the collective bargaining agreement between the union and the county.[1] We reverse.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] The prosecutor demanded that the social workers in his office (1) forgo the just-cause standard of employment previously negotiated by the union with the county, (2) give up the grievance process and any

The social workers were assigned to the prosecutor's office in response to the enactment of the Crime Victim's Rights Act, MCL 780.751 *et seq.*; MSA 28.1287(751) *et seq.*, effective October 9, 1985. The positions were created by the Genesee County Board of Commissioners, which also appropriated funding for the new positions. The social workers were given the title "victim-witness assistants." They did not report to the prosecutor, but rather to the "case worker supervisor." Their function was to act as a liaison between the victims of crimes and the assistant prosecutor assigned to a case.

The prosecutor initially agreed to recognize the union as the representative of the social workers in his office. Following the successful negotiation of a tentative bargaining agreement between the union and the county, however, the union and the prosecutor were unable to come to terms on a letter of agreement pertinent to the employment of the social workers. Thereafter, the union filed unfair labor practice charges against the prosecutor, alleging that he was not a coemployer of the social workers and, hence, was required to honor the bargaining agreement between the union and the county. The prosecutor responded by filing countercharges against the union, alleging that he was a coemployer entitled to negotiate terms and conditions of employment with regard to the social workers in his office, and that the union's failure to bargain constituted an unfair labor practice.

In *St Clair Prosecutor v AFSCME,* 425 Mich 204; 388 NW2d 231 (1986), our Supreme Court held that, for purposes of collective bargaining under the PERA, prosecutors could be held to be coemployers, along with the counties, of assistant prose-

binding arbitration procedure, and (3) agree to submit to mandatory random drug testing.

cutors where prosecutors "are given statutory authority to hire, manage, and terminate the employment of their assistants." *Id.,* p 233. In *Berrien Co v Teamsters, Local 214,* 1987 MERC Lab Op 306, 314, the MERC restated this test: "[W]here [a] statute gives an elected official the power *both* to appoint an employee and to revoke that appointment at pleasure, or at any time, under *St Clair County Prosecutor* that official becomes the coemployer of that employee." (Emphasis added.)

At issue, then, is whether the prosecutor possesses coemployer status by virtue of his statutory authority to hire and discharge his employees at his pleasure. *St Clair Prosecutor, supra,* pp 227-233; *Berrien Co, supra.* In the proceedings before the hearing referee and the MERC, the prosecutor relied upon § 1 of 1925 PA 329, codified at MCL 49.31; MSA 5.791:

> In each county of the state of Michigan, the board of supervisors of such counties, at their regular annual meeting, may, by resolution authorize the appointment by the prosecuting attorney of said county of as many assistant prosecuting attorneys as said board of supervisors shall deem necessary, and shall in addition authorize the appointment by said prosecuting attorney, *of such investigating officers, clerks, stenographers and other clerical employes* as said board of supervisors shall deem necessary. [Emphasis added.]

In support of his statutory authority to revoke employment at his pleasure, the prosecutor relied upon § 5 of the act, MCL 49.35; MSA 5.795:

> Said assistant prosecuting attorneys *and other employees* appointed by said prosecuting attorney *under this act* shall hold office during the pleasure of the prosecuting attorney. [Emphasis added.]

The MERC noted in its opinion that "[a]lthough no statute requires a prosecuting attorney to employ victim-witness assistants, the victim-witness assistants in this case are in fact appointed by the Prosecutor." According to the MERC, § 1 should not be given "a narrow, literal reading." The MERC concluded that it made no sense to believe that the Legislature intended to restrict a prosecutor's ability to appoint types of employees other than those specifically mentioned in § 1, and that such "other employees" served at the pleasure of the prosecutor pursuant to § 5.

This Court's review of a decision of the MERC is limited. This Court may determine whether a decision of the MERC is "authorized by law." Const 1963, art 6, § 28. A decision may be set aside on appeal if based on a "substantial and material error of law." MCL 24.306(1)(f); MSA 3.560(206)(1) (f). A MERC decision authorized by law will be affirmed if the factual findings by the MERC are supported by competent, material, and substantial evidence on the whole record. *Senior Accountants, Analysts & Appraisers Ass'n v Detroit,* 184 Mich App 551, 556-557; 459 NW2d 15 (1990).

The MERC erred as a matter of law when it held that § 1 should be interpreted to mean that all employees "appointed" by the prosecutor fell within the ambit of § 1. Section 1 sets forth five specific types of employees that may be appointed by the prosecutor. Under the familiar principle of statutory construction that the expression of one thing implies the exclusion of others, *In re Lemmer,* 191 Mich App 253, 256; 477 NW2d 503 (1991), the plain expression of five types of employees that may be appointed implies that other types of employees, such as social workers or victim-witness assistants, may not. Therefore, the prosecutor's additional reliance on § 5 is misplaced,

because social workers are not "other employees" appointed "under this act," MCL 49.35; MSA 5.795, and the social workers do not serve at the pleasure of the prosecutor. According to the test set forth in *St Clair Prosecutor, supra,* and *Berrien Co, supra,* the prosecutor is not a coemployer of the social workers.

The union also claims that the findings of the MERC are not supported by competent, material, and substantial evidence. According to the union, the MERC's finding that at least one of the social workers had in fact been "appointed" to the job of victim-witness assistant is without support in the record. Because we have concluded that the prosecutor is without authority to "appoint" social workers or victim-witness assistants, we need not review this argument any further. The union also states that it is unclear whether the MERC found that the social workers were "other clerical employees" within the meaning of § 1. Although at one point during the hearing before the hearing referee the prosecutor suggested that the social workers may be "other clerical employees," the MERC's opinion contains no findings in this regard. Our review of the record regarding this matter shows that the social workers' duties were not clerical in nature and, in any event, the prosecutor later conceded this issue at the hearing.[2]

---

[2] [*Hearing Referee Bixler*]: Can we agree, Mr. Williams, that the people that they wish to bargain about who are employed in the prosecutor's office are clerical employees and not sworn prosecutors?

[*The prosecutor*]: No, they're not even clerical employees. They're social service workers.

\* \* \*

[*The union's counsel*]: So there should be no dispute that they are not clerks, typists or investigators.

Because the prosecutor is not a coemployer of the social service workers in his office, the MERC's order to the union to bargain with the prosecutor is erroneous.

Reversed.

[*Hearing Referee Bixler*]: Could we agree on that, Mr. Williams?

[*The prosecutor*]: No, not at all. I believe that unfortunately the statute does not define the term, "clerk."

[*Hearing Referee Bixler*]: Well, we're not talking about the statute. We're talking about the people that they are demanding to bargain about are not clerks, typists, or what-have-you; they are social service workers?

[*The prosecutor*]: Absolutely.