BRANCH COUNTY BOARD OF COMMISSIONERS v INTERNATIONAL
UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL
IMPLEMENT WORKERS OF AMERICA, UAW

Docket No. 241189. Submitted December 3, 2003, at Lansing. Decided
December 23, 2003, at 9:15 A.M. Leave to appeal sought.

International Union, United Automobile, Aerospace and Agricultural
Implement Workers of America, UAW, filed unfair labor practice
charges in the Michigan Employment Relations Commission against
the Branch County Board of Commissioners and that county's
clerk, register of deeds, and treasurer. The charging party alleged
that the county clerk, register of deeds, and treasurer, by requiring
the charging party, the collective bargaining agent of the county's
employees, to bargain with the respondent elected officials as
coemployers of their respective deputies violated § 10(1)(e) of the
public employment relations act, MCL 423.210(1)(e), which prohib-
its public employers or their agents from refusing to bargain collec-
tively with representatives of their public employees. A hearing
officer determined that each of the respondent elected officials was
a coemployer only of that official's chief deputy. The hearing
officer recommended that the commission issue an order
instructing the county and its officials to stop requiring the charg-
ing party to bargain with the officials as coemployers of those of
their deputies who are not chief deputies. The respondent officials
filed an exception to the hearing officer's recommended order, the
commission decided that each official is a coemployer of all depu-
ties in the official's office and did not violate MCL 423.210(1)(e),
and the commission dismissed the unfair labor practice charges.
The charging party appealed.

The Court of Appeals held:

Where a statute gives an elected official the power both to
appoint an employee and to revoke that appointment at pleasure,
or at any time, that official is a coemployer of that employee.

1. MCL 50.63 gives a county clerk the power to appoint deputies
and to revoke such appointments at the clerk's pleasure. The com-
mission did not err in concluding that the Branch County Clerk is a
coemployer of all its deputies.

2. MCL 48.37 allows a county treasurer to appoint deputies and to revoke such appointments at any time. The commission did not err in concluding that the Branch County Treasurer is a coemployer of all its deputies.

3. MCL 53.91 lacks any indication of intent by the Legislature that a register of deeds may appoint or revoke the appointment of more than one deputy. The commission made a substantial and material error of law in its determination that the Branch County Register of Deeds is a coemployer of all its deputies; the Branch County Register of Deeds is a coemployer only of its chief deputy.

Affirmed in part and reversed in part.

LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — ELECTED COUNTY OFFICIALS — COEMPLOYER STATUS.

An elected county official, for purposes of collective bargaining under the public employment relations act, is a coemployer of a county employee over whom the official has the statutory power of appointment and removal at the official's pleasure (MCL 423.201 *et seq.*).

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Louis B. Reinwasser*), for Branch County Clerk, Branch County Register of Deeds, and Branch County Treasurer.

*Dan Sherrick* and *Georgi-Ann Bargamian* for the UAW.

Amici Curiae:

*Michael R. Kluck & Associates* (by *Michael R. Kluck*) for United County Officers Association and Michigan Association of County Clerks.

*White, Schneider, Young & Chiodini, P.C.* (by *Michael M. Shoudy*), for Michigan Association of Register of Deeds.

*Dykema Gossett PLLC* (by *Bruce G. Davis, Phyllis G. Donaldson-Adams*, and *Steven C. Liedel*) for Michigan Association of County Treasurers.

Before: WHITBECK, C.J., and HOEKSTRA and DONOFRIO, JJ.

PER CURIAM. Charging party International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW appeals as of right from an order entered by the Michigan Employment Relations Commission (MERC) dismissing its unfair labor practice charges against respondents Branch County Clerk, Branch County Register of Deeds, and Branch County Treasurer, and determining that such elected officials were coemployers with Branch County of all their respective deputies, and therefore did not violate § 10(1)(e) of the public employment relations act (PERA), MCL 423.210(1)(e), by attempting to require the charging party to bargain with them. We affirm in part and reverse in part.

The charging party is the collective bargaining representative of Branch County employees. When bargaining commenced, respondents asserted coemployer status of their chief deputies, and all other deputies in their respective offices, and demanded that the charging party bargain with them. The charging party filed a complaint with MERC, alleging that respondents violated § 10(1)(e) of PERA by failing to bargain in good faith by demanding that it recognize them as coemployers of all deputies in their respective offices. Section 10(1)(e) provides: "It shall be unlawful for a public employer or an officer or agent of a public employer . . . to refuse to bargain collectively with the representatives of its public employees." After conducting a hearing on the complaint, and without engaging in a separate analysis of each of the relevant statutory provisions, MCL 50.63, MCL 48.37, and MCL 53.91, that delineate the powers of

appointment of county clerks, treasurers, and registers of deeds, the hearing officer determined that each of these elected officials was a coemployer only of its chief deputy, and not a coemployer of other deputies in its office. The hearing officer stated:

> [I]t is clear that by statute, each elected official at issue may appoint *a* deputy to serve in his/her absence and that appointment may be revoked at any time. The clear intent of the statute is to restrict this power to one employee, i.e., the chief deputy, not to all employees in the official's office. The fact that these officials choose to deputize other employees is not significant, given the clear language of their designated statutory powers. I therefore find that the Clerk, Treasurer, and Register of Deeds are coemployers only as to their chief deputies, and are not coemployers of other employees in their respective offices. By attempting to require the Union to bargain with these officials over all employees in their offices, I find that Branch County, including the Clerk, Treasurer, and Register of Deeds, has violated Section 10(1)(e) of PERA. [Emphasis in original.]

Respondents filed an exception to the hearing officer's recommended order, objecting to the determination that they were not coemployers of all deputies in their respective offices. In its decision and order, MERC concluded that the elected officials were coemployers of all deputies in their respective offices and thus did not violate § 10(1)(e) of PERA, and dismissed the unfair labor practice charges against the elected officials. This appeal ensued.

We review MERC decisions "pursuant to Const 1963, art 6, § 28, and MCL 423.216(e)." *Grandville Municipal Executive Ass'n v Grandville,* 453 Mich 428, 436; 553 NW2d 917 (1996). MERC's "findings of fact are conclusive if they are supported by competent, material, and substantial evidence on the record consid-

ered as a whole." *Id.* MERC's "legal determinations may not be disturbed unless they violate a constitutional or statutory provision or they are based on a substantial and material error of law." *Id.*, citing MCL 24.306(1)(a), (f). "In contrast to [] MERC's factual findings, its legal rulings 'are afforded a lesser degree of deference' because review of legal questions remains de novo, even in MERC cases." *St Clair Co Ed Ass'n v St Clair Co Intermediate School Dist*, 245 Mich App 498, 513; 630 NW2d 909 (2001), quoting *Grand Rapids Employees Independent Union v Grand Rapids*, 235 Mich App 398, 403; 597 NW2d 284 (1999), and citing *Kent Co Deputy Sheriff's Ass'n v Kent Co Sheriff*, 463 Mich 353, 357 n 8; 616 NW2d 677 (2000).

To determine whether an elected official is a coemployer, we look to see whether the elected official "possesses coemployer status by virtue of his statutory authority to hire and discharge his employees at his pleasure." *Genesee Co Social Services Workers Union v Genesee Co*, 199 Mich App 717, 720; 502 NW2d 701 (1993). This Court explained: " '[W]here [a] statute gives an elected official the power *both* to appoint an employee and to revoke that appointment at pleasure, or at any time, under *St Clair County Prosecutor* [*v AFSCME*, 425 Mich 204; 388 NW2d 231 (1986)] that official becomes the coemployer of that employee.' (Emphasis added.)" *Id.*, quoting *Berrien Co v Teamsters, Local 214*, 1987 MERC Lab Op 306, 314.

Because a different statute exists for each elected official and each statute is worded differently, we must examine each statute in turn to determine whether MERC's ruling that each elected official was a coemployer of all its deputies constituted a substan-

tial and material error of law. We begin by examining the office of the county clerk.

MCL 50.63 addresses the duties and powers of the county clerk, and provides in pertinent part:

> Each county clerk shall appoint one [1] or more deputies, to be approved by the circuit judge, one [1] of whom shall be designated in the appointment as the successor of such clerk in case of vacancy from any cause, and may revoke such appointment at his pleasure, which appointment and revocation shall be in writing, under his hand, and filed in the office of the county treasurer, and the deputy or deputies, may perform the duties of such clerks.

MERC determined that a careful reading of MCL 50.63 does not support the charging party's contention that the county clerk is a coemployer of only the chief deputy, and commented that "nothing in this language suggests that a county clerk is limited to appointing one deputy." MERC reasoned:

> In *Lapeer County*, 1995 MERC Lab Op 181, this Commission cited *Berrien County* in holding that the county clerk is the co-employer with the county of his or her appointed *deputies*. Charging Party argues that the statute allows a county clerk to appoint one or more deputies, but that it specifically limits the clerk's revocation power to a single "such appointment," suggesting that such reference goes to the appointment of her successor only.
>
> It seems clear that one of the deputies must be *designated* as the clerk's successor. That *designation* may be removed at the pleasure of the clerk but such designation or removal thereof does not require the revocation of the appointment of such person as a deputy. However, it is equally evident that the appointment of a deputy who has not been designated as the clerk's successor may also be revoked. To suggest that once deputies have been appointed, they may not be removed by revocation of the appointment by the clerk would seem to run contrary to the

whole appointment scheme of the statute. Such a holding
would consequently render the appointment power mean-
ingless, since under Charging Party's interpretation, once
the appointment has been made it would be irrevocable. We
believe that such interpretation is contrary to law. [Empha-
sis in original.]

In its decision, MERC relied on its opinion in *Lapeer
Co, supra,* which cited *Berrien Co, supra,* for its
holding that a county clerk is a coemployer of its
appointed deputies. We agree that nothing in the lan-
guage of MCL 50.63 suggests that the county clerk is
limited to appointing just one deputy. The charging
party argues that even though MCL 50.63 allows the
clerk to appoint one or more deputies, it also specifi-
cally limits the clerk's revocation power to the chief
deputy and consequently the clerk cannot be the
coemployer of all the deputies. However, although "it
is a general rule of grammar and of statutory con-
struction that a modifying word or clause is confined
solely to the last antecedent . . . ," this rule does not
apply if a contrary intention appears. *Sun Valley
Foods Co v Ward,* 460 Mich 230, 237; 596 NW2d 119
(1999). The clerk's mandate to appoint one or more
deputies is modified by the phrase "one of whom
shall be designated in the appointment as the succes-
sor." By limiting this phrase to the clerk's mandate to
appoint one or more deputies, the clerk's authority to
"revoke such appointment" refers to the initial
appointment of one or more deputies. We therefore
believe that MCL 50.63 requires the clerk to appoint
one or more deputies, designate a chief deputy as the
clerk's successor, and permits the clerk to revoke the
appointment of all deputies at the clerk's pleasure.
Because MCL 50.63 gives the clerk the power to

appoint deputies and to revoke such appointments at the clerk's pleasure, we find no substantial and material error of law in MERC's conclusion that the Branch County Clerk is a coemployer of all its deputies, not just the chief deputy.

Next, we address the duties and powers of the county treasurer, found in MCL 48.37, which provides in pertinent part:

> The county treasurer shall appoint a deputy, who, in the absence of the treasurer from the office, or in case of a vacancy in the office, or a disability of the treasurer to perform the duties of the office, may perform all the duties of the office of treasurer, until the vacancy is filled or the disability is removed. The county treasurer may revoke those appointments at any time. The deputy shall qualify by taking the constitutional oath of office and filing a bond, if the county board of commissioners determines that an individual bond is necessary. The treasurer may employ personnel necessary and approved by the county board of commissioners. . . . All appointments and revocations of appointments shall be in writing. A treasurer shall not be responsible for the act, defaults, and misconduct in office of a deputy or any other employee in the treasurer's office accruing without the knowledge or negligence of the treasurer. Each employee, before entering upon the duties of office, shall execute and file an individual bond, for the faithful performance of duties . . . . The deputy or other employee shall be liable for the deputy's or the employee's acts, defaults, and misconduct in office in the same manner as the treasurer or the treasurer's executors and administrators would otherwise be liable, and actions for those acts, defaults, and misconduct shall be prosecuted directly against the deputy or other employee, and the appropriate surety.

MERC determined:

> The language of MCL 48.37 is replete with the use of plural phrases indicating an expectation that a county trea-

surer might make multiple appointments. It states: "those appointments" may be revoked at any time; that the treasurer shall not be responsible for the misconduct of "a deputy" and not "the deputy," and finally, "all appointments and revocations of appointments" shall be in writing. All of these plural phrases lead one to the reasonable conclusion that the county treasurer is authorized to appoint and revoke the appointments of multiple deputies at his or her pleasure. Moreover, in *Berrien County*, 1987 MERC Lab Op 306, 314, we interpreted the same statute as "giving the treasurer the right to appoint *deputies* whose appointments may be revoked at any time." [Emphasis in original.]

Thus, MERC relied on the language of the statute and its opinion in *Berrien Co, supra,* for its holding that a county treasurer is a coemployer of its appointed deputies. The charging party argues that MCL 48.37 allows the treasurer to appoint one deputy as the treasurer's successor, and specifically limits the treasurer's revocation power to that chief deputy. However, we agree with MERC that if the Legislature intended to limit the treasurer to appointing "a [single] deputy," it likely would not have stated that "those appointments" may be revoked at any time; that the treasurer shall not be responsible for the misconduct of "a deputy," as opposed to "the deputy"; and that "all appointments and revocations of appointments" shall be in writing. We therefore find no substantial and material error of law in MERC's conclusion that the Branch County Treasurer is a coemployer of all its deputies.

Finally, we take up the duties and powers of the county register of deeds set forth in MCL 53.91, which provides in pertinent part:

The register of deeds shall appoint a deputy, to hold his office during the pleasure of the register; such appointment

and the revocation thereof to be in writing, and filed in the office of the county clerk; and before such deputy shall enter upon the duties of his office, he shall take the oath prescribed by the twelfth [12th] article of the constitution, and for the faithful performance of his duties by such deputy, the register and his sureties shall be responsible.

The charging party argues that MCL 53.91 mandates that the register of deeds appoint a single deputy as successor. MERC determined that the language of MCL 53.91 was not intended to limit the register of deeds to the appointment and removal of a single deputy. MERC supported its conclusion by stating:

> However, we note that the language of the statute authorizing the Register of Deeds to appoint a deputy is mandatory language, stating that the "register of deeds shall appoint a deputy." The statute does not say the register of deeds "may appoint a deputy," as such language would clearly imply a limitation on the register of deeds's [sic] authority to appoint deputies. The mandatory language *requiring* the register of deeds to appoint a deputy implies no such limitation. Instead, it appears likely that the language was designed to be consistent with the language of MCL 45.41, which *permits* the treasurers, clerks and registers of deeds in counties of populations in excess of 50,000 to each appoint one or more deputies. Moreover, we are persuaded by *Lockwood v Stoll* [264 Mich 598; 250 NW 321 (1933)] that the statutory language was not intended to be a limitation on the number of deputies that could be appointed, but was intended to confer the power of appointment and revocation with regard to the office, not a particular holder of such office. In *Lockwood v Stoll*, in rejecting the plaintiffs' argument that they were employees of the county and not subject to termination by the newly elected register of deeds, the court held that the appointment or employment of the register of deeds's [sic] clerks and deputies expired with the term of the register of deeds. The court did not limit the register of deeds's [sic] power to make or revoke appointments to a single deputy, but

instead spoke of "deputies." Therefore, we disagree with the ALJ that the language of the statute is intended to limit the register of deeds to the appointment and removal of just one deputy. [Emphasis in original.]

We believe that MERC erred in determining that the county register of deeds is a coemployer of all its deputies. We find that MERC's reliance on the mandatory language of MCL 53.91 read in conjunction with MCL 45.41 does not support the conclusion that a county register of deeds is a coemployer of all its deputies. The language of MCL 53.91 that makes the appointment of a deputy mandatory neither supports nor undermines either party's position. Further, MCL 45.41[1] is not instructive on the issue of coemployer status because nothing in that statute indicates that the Legislature intended that it should be read together with MCL 53.91 for purposes of determining whether the register of deeds or any other named county officer is a coemployer. Moreover, we find *Lockwood, supra,* on which MERC relied, inapposite because that case did not require the court to interpret MCL 53.91.

Alternatively, we are urged to apply MCL 8.3b, which provides that "[e]very word importing the singular number only may extend to and embrace the

---

[1] MCL 45.51 provides:

In all counties of this state having a population of more than fifty thousand [50,000] where it is provided by law that the county treasurer, county clerk and register of deeds shall receive salaries in lieu of fees, each of said officers may appoint a deputy or deputies who may perform all the official acts which the officer making such appointment might legally do, and who shall be paid therefor from the general fund of the county, such salaries as the board of supervisors of the county shall determine.

plural number" and conclude that the reference to a singular deputy in MCL 53.91 means the plural and therefore allows for the appointment of multiple deputies and revocation of such appointments. But application of MCL 8.3b is not mandatory and should not be adopted if inconsistent with the Legislature's intent. *Sclafari v Domestic Violence Escape*, 255 Mich App 260, 267; 660 NW2d 97 (2003). Here, we find that MCL 8.3b is not applicable because neither plural language nor indication of an intent by the Legislature to permit the register of deeds to appoint or revoke the appointment of more than one deputy is contained within the language of MCL 53.91. Accordingly, we believe MERC made a substantial and material error of law in its determination that the Branch County Register of Deeds is a coemployer of all its deputies, and find that the Branch County Register of Deeds is a coemployer only of the chief deputy.

Affirmed in part and reversed in part.